IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **G&H DIVERSIFIED MANUFACTURING LP**, *Plaintiff*, v. **UNITED STATES OF AMERICA**; **DEPARTMENT OF HOMELAND SECURITY**; **U.S. CUSTOMS AND BORDER PROTECTION**; **HON. ALEJANDRO MAYORKAS,** in his official capacity as Secretary of the Department of Homeland Security; **TROY A. MILLER,** in his official capacity as Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, *Defendants*. | Court No. 22-00130 |

### COMPLAINT

Plaintiff G&H Diversified Manufacturing LP ("Plaintiff"), by and through undersigned counsel, alleges and states a cause of action as follows:

### NATURE OF THE ACTION

1. This action seeks review and reversal of the denial of a protest (Protest No. 530121107212) ("the Protest") submitted by Plaintiff based on CBP's failure to apply a valid steel product exclusion (Exclusion No. 85773, hereinafter referred to as "the Exclusion") of certain steel tubes imported by Plaintiff from tariffs imposed by presidential Proclamation (Procl. 9705 and subsequent Proclamations) under Section 232 of the Trade Expansion Act of 1962, as amended, 19 U.S.C. § 1862.

2. The Protest was filed to secure the refund of duties paid with respect to Entry No. BDG 00531692, dated May 2, 2020 ("the Entry"), as provided in Customs guidance regarding

securing refunds of Section 232 duties paid (*see, e.g.,* CSMS Message No. 18-000372 (May 23, 2018).

3. The Protest denial was procedurally in error in that the purported change in HTSUS classification was made long after the CBP had already concluded on at least three separate occasions that the classification of the imported goods was correct.

4. In approving the Exclusion, the Bureau of Industry and Security ("BIS"), an agency within the Department of Commerce, had concluded that the goods at issue were entitled to an exclusion from the Section 232 steel tariff.

5. CBP is also wrong in its determination that the classification asserted in the Exclusion and the Entry was incorrect. The Entry correctly asserted that the imported goods were "of a kind used in drilling for oil or gas." Harmonized Tariff Schedules of the U.S. ("HTSUS") Heading 7304. The classification that CBP now asserts to be correct is a general and residual classification for pipe not suitable for boilers and heat exchangers. The classification claimed on the Entry is more specific than that claimed by CBP.

6. After CBP had approved Plaintiff's asserted HTSUS classification on at least three separate occasions, CBP changed the classification of the Entry without notifying Plaintiff or reliquidating the Entry, contrary to law.

## JURISDICTION AND STANDING

7. Plaintiff is the importer of record of the merchandise which is the subject of this Complaint and is the real party in interest in this case.

8. Plaintiff timely protested the liquidation of the entry. The protest was denied on November 22, 2022.

9. All liquidated duties, taxes, and fees were paid prior to the commencement of this action.

10. The Summons for this civil action was timely filed on April 22, 2022.

11. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a), which confers "exclusive jurisdiction" to the Court over "any civil action commenced to contest the denial of a protest, in whole or in part, under Section 515 of the Tariff Act of 1930." 28 U.S.C. § 1581(a).

12. This case relates to Defendants' denial of Plaintiff's protest seeking refund of Section 232 tariffs based on the application of the Exclusion to the Entry. The Section 232 regulations (15 CFR Part 705, Supplement One) in effect when the Protest was filed expressly permitted the filing of a protest to recover refunds of Section 232 duties paid because a pending exclusion had not been decided at the time of entry, which was the precise situation confronting Plaintiff.

13. Plaintiff paid Section 232 duties on the portion of the Entry covered by the Exclusion in the amount of $240,533.11. Customs' denial of the Protest denied Plaintiff a refund of those duties, plus allowable interest, contrary to law. Plaintiff has thus suffered injury in fact.

14. Because the duties were paid at the time of entry, the jurisdictional requirement of 28 U.S.C. 2637(a) that grants jurisdiction "contesting the denial of a protest under section 515 of the Tariff Act of 1930 . . . only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced" 28 U.S.C. § 2637(a), has been met in this action.

## TIMELINESS OF THIS ACTION

15. The Protest was timely under the applicable statute and regulations, having been within 180 days after the notice of liquidation (March 26, 2021).

16. The Summons in this action was filed in this Court on April 22, 2022, within 180 days after the denial of the Protest. See 28 U.S.C. § 2636(a)(1).

17. This Complaint is filed within 24 months after the filing of the summons. *See* CIT Rule 83.

18. Therefore, this action is timely.

## STATEMENT OF FACTS

19. Plaintiff was the importer of record for a shipment of imported tubing for assembly into perforating guns entered on May 2, 2020. Plaintiff prepared an Exclusion request which was submitted to BIS, also on May 2, 2020. The Exclusion request was valid and timely in all respects. After seven months, the Exclusion was approved by BIS on December 4, 2020.

20. Because the Entry was made before the Exclusion was approved, Plaintiff was required to pay and did pay applicable Section 232 tariffs along with the Entry. The Entry was in the liquidation process before Plaintiff could submit new information related to the matching of the Exclusion to the Entry, requiring Plaintiff to await liquidation and then file a protest to obtain a refund of the duties. The Protest was timely filed within 180 days after notice of liquidation.

21. The Exclusion's terms and specifications matched the Entry documents to which the Exclusion applied.

22. Plaintiff submitted the Exclusion request on the same date as the Entry (May 2, 2020). The filing was therefore within the applicable time limit for obtaining a refund of duties on the Entry.

23. The HTSUS classification on the Entry matched the classification claimed on the Exclusion and the notice of liquidation.

24. The producer and seller on the Exclusion matched the invoicing party on the Entry.

25. The Protest showed that the Exclusion granted to Plaintiff met all relevant requirements for application to the Entry, as noted above in Paragraph 17.

26. Plaintiff's Protest did not and could not challenge the HTSUS classification.

27. CBP determined the correct HTSUS classification on at least three occasions:

    a) the posting of the Exclusion Request on May 13, 2020;

    b) the approval of the classification in connection with the Exclusion determination by BIS on December 4, 2020; and

    c) the notice of liquidation posted by CBP on March 26, 2021.

CBP decided, on all three occasions, that the HTSUS classification declared in the Exclusion and in the entry was correct.

28. CBP nevertheless denied Plaintiff's Protest on the basis that the HTSUS classification that should have been asserted on the Entry was 7304.59.8020, and therefore it did not match the classification in the Exclusion. This decision directly contradicted three previous Customs decisions regarding the HTSUS classification of the entry.

29. Plaintiff was the Importer of Record of the Entry dated May 2, 2020. The Entry was liquidated on March 26, 2021, assessing Section 232 duties in the amount of $393,324.75. Of this amount, $240,533.11, plus interest, is the amount of Section 232 duties on the Entry covered by the Exclusion that is the subject of this action.

30. Plaintiff filed the Protest seeking refund of Section 232 duties on April 19, 2021, within 180 days after liquidation of the Entry. *See* 19 U.S.C. § 1514(c)(3).

31. The Protest sought refund of duties paid based on the match between the approved Exclusion and the Entry, including the claimed HTSUS classification. The Protest did

not challenge the HTSUS classification in the Entry because it had been settled by at least three CBP determinations, as noted above in Paragraph 27.

32. The Exclusion was approved by BIS on December 4, 2020. The Exclusion was thereafter placed on the CBP list of active exclusions until its expiration one year after the date of approval. The Exclusion matched the Entry with respect to all material specifications, including, *inter alia*, the identity of the exclusion requester, the producer, the port of entry and the HTSUS classification (7304.29.6115). The Entry was thus covered by the Exclusion by its terms.

33. CBP is responsible for reviewing the accuracy, including the HTSUS classification, of all exclusion requests under the regulations applicable to steel exclusions. *See* 15 CFR Part 705, Supplement 1. On information and belief, therefore, CBP did review and determine the appropriate HTSUS classification with respect to the Exclusion before the entry was liquidated.

34. CBP's Notice of Liquidation of the Entry (March 26, 2021), which reflected CBP's decision regarding the Entry, reflected "no change" in the material terms of the Entry. The appropriate HTSUS classification is a material term of the Entry. The Protest was Plaintiff's only avenue for obtaining a refund of Section 232 duties. The Protest did not contest or challenge the HTSUS classification in the Protest or otherwise. CBP, BIS and Plaintiff accepted the claimed HTSUS classification as final for the Entry on three separate occasions.

## **THE PARTIES**

35. Plaintiff G&H Diversified Manufacturing LP is a Texas Limited Partnership. Plaintiff is a leading American manufacturer of perforating gun assemblies, which are used for production of oil and gas from wells using hydraulic fracturing technology. This technology allows commercial recovery of hydrocarbons from tight rock formations. The steel tubes that are

the subject of this case are key components of perforating gun assemblies, along with other components sourced both domestically and internationally.

36. Because hydraulic fracturing requires controlled explosions far underground, the physical characteristics, specifications and testing requirements of the steel tubing are essential for the proper operation of the hydraulic fracturing process. The steel tubes needed for the manufacture of perforating gun assemblies are not made in the United States. Therefore, an exclusion for this particular product from the Section 232 tariffs was appropriate and was approved by the Commerce Department.

37. Plaintiff continues to suffer injury as a result of the denial of the Protest. That denial was in turn based on CBP's rejection of the HTSUS classification it had already approved at least three times (review of the Exclusion, final review of the approved Exclusion and liquidation).

38. Plaintiff is the real party in interest in, and has standing to bring, this action.

39. Defendants are government agencies or officials responsible for the decision of CBP to refuse to refund Section 232 tariffs paid by Plaintiff on the Entry. They are thus proper party defendants in this case.

## THE ENTRY

40. On May 2, 2020, Plaintiff made the Entry at the Port of Houston. The Entry included three line items, each of which was a type of perforating gun steel used in the manufacture of perforating guns in the United States.

41. Line Item 001 was classified under HTSUS 7304.29.6115. The Exclusion was submitted to Commerce on the same date as the Entry. Because the exclusion was not approved on the date of entry, Plaintiff was obligated to pay Section 232 duties of 25 percent of the entered

value on Line Item 001. These duties in the amount of $393,324.75 were paid on a timely basis by Plaintiff. Of this amount, $240,533.11 was attributable to gun steel tubing covered by the Exclusion.

## THE EXCLUSION

42. BIS posted the Exclusion Request on May 13, 2020 on the Section 232 Exclusions Portal, opening a thirty-day window for public comments on the exclusion request.

43. On June 16, 2020, BIS posted on the Steel Exclusions Portal an objection (Identified as Objection No. 29264) filed by IPSCO Koppel Tubulars, LLC ("IPSCO"). The IPSCO objection confirmed the HTSUS classification in the exclusion request.

44. The Commerce Exclusions Portal does not reveal the submission date of objections. However, on information and belief, the objection was submitted by IPSCO on or before June 12, 2020, the expiration date of the comment period (30 days after the posting of the exclusion request).

45. On June 25, 2020, Plaintiff submitted rebuttals to the IPSCO objection (Rebuttals 16094 and 16104). The rebuttals were timely and answered all objections included in Objection 29264.

46. On July 9, 2020, IPSCO posted two "surrebuttals" responding to Rebuttals 16094 and 16104. The surrebuttals did not contest the HTSUS classification in the exclusion request. On information and belief, these surrebuttals were submitted to BIS on or before July 2, 2020, prior to the seven-day deadline for filing surrebuttals, although the surrebuttals were not posted on the BIS Exclusions Portal until July 9, 2020.

47. In a Decision Memorandum dated December 4, 2020, BIS approved the Exclusion, notwithstanding the Objections. The Decision Memorandum noted that the agency considered the full record, including "applicable objection filings."

48. The Decision Memorandum restated the correct HTSUS classification in the Decision Memorandum. As provided in the applicable regulations (15 CFR, Part 705, Supplement One), CBP was charged with reviewing the HTSUS classification in the exclusion request. CBP concurred with the HTSUS classification in the request. Plaintiff relied on the decision of CBP concurring in the HTSUS classification. BIS also relied on CBP's confirmation of the correct HTSUS classification. *See* "Submissions of Exclusion Requests and Objections to Submitted Requests for Steel and Aluminum," 83 Fed. Reg. 46026, 46046 (September 11, 2018).

49. At the request of Plaintiff, CBP placed the Exclusion on the list of "Active Section 232 Product Exclusions in ACE." Thus, the Exclusion served as the basis for a refund of Section 232 duties on entries during the period the Exclusion was effective (May 2, 2020 – December 3, 2021).

## THE LIQUIDATION OF THE ENTRY

50. CBP posted a notice of liquidation of the Entry on March 26, 2021. The liquidation notice stated that the liquidation was made with "no change". Thus, CBP once again confirmed the HTSUS classification in the Entry (7304.29.6115) by liquidating the Entry with "no change."

## THE PROTEST

51. On April 19, 2021, Plaintiff filed the Protest with CBP. In the Protest, Plaintiff did not question or challenge the HTSUS classification, because CBP had determined in the notice of liquidation that the HTSUS classification asserted in the Entry was correct.

52. The Protest showed that the specifications in the Exclusion and the specifications of the Entry were identical and that the HTSUS classification in the Entry matched the classification in the Exclusion.

53. On November 22, 2021, Plaintiff received an electronic mail notice that CBP had denied the Protest. The brief denial notice stated: "Protest is denied, the pipes in question are not being imported as a finished product, they are perforated to create perforated [*sic*] gun tubes after importation. Imported merchandise is properly classified under HTSUS 7304.59.8020. BIS approved Exclusion No. 85773 does not match above mention[ed] classification." No other basis for denying the Protest was mentioned.

54. CBP did not cite its prior determinations regarding classification of the subject merchandise, which were in direct conflict with the Protest denial.

55. CBP did not reliquidate the Entry, depriving Plaintiff of the opportunity to protest CBP's tardy change of the HTSUS classification.

### THE PETITION TO VOID DENIAL OF THE PROTEST

56. On January 12, 2022 Plaintiff, through counsel, submitted a request to void the denial of the Protest.

57. On May 24, 2022, Plaintiff received a letter from Customs denying Plaintiff's request to void the protest denial because there was no "improper instruction" issued by CBP. *See* 19 U.S.C. § 1511(e).

### THE SUMMONS

58. A Summons was filed and served in this action on April 22, 2022.

### INJURY TO PLAINTIFF

59. Plaintiff has been injured by the withholding of a refund of Section 232 duties in

the amount of $240,533.11, plus interest as provided by law.

## **COUNT I:**

60. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1-59 of this Complaint.

61. Plaintiff timely protested CBP's liquidation of the Entry with respect to the application of the Exclusion to the Entry.

62. CBP liquidated the Entry with "no change" to the HTSUS classification asserted at the time of entry, constituting a decision of CBP within the meaning of 19 U.S.C. § 1514.

63. The HTSUS classification asserted in the Entry matched the HTSUS classification in the Exclusion.

64. All other material specifications in the Entry matched those in the Exclusion.

65. CBP examined the HTSUS classification in connection with the exclusion request, in accordance with the applicable regulations promulgated by BIS (15 CFR Part 705). CBP did not object or raise an issue with respect to the classification until after the liquidation became final as to the HTSUS classification.

66. Plaintiff's Protest did not raise the HTSUS classification in the Protest because that issue had previously been settled by CBP decisions in connection with the Entry and the Exclusion.

67. The Protest denial failed to consider that CBP had previously determined, in reviewing the Exclusion request and participating in the final approval of the Exclusion, as well as through liquidation, that the HTSUS classification asserted in the Entry was correct and matched the Exclusion.

68. The Protest denial was issued without notice to Plaintiff or an opportunity for

Plaintiff to be heard regarding the reversal of CBP's earlier determinations of the proper HTSUS classification of the imported merchandise.

69. CBP unlawfully denied the Protest.

## COUNT II:

70. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1–69 of this Complaint.

71. HTSUS classification 7304.29.6115 is more specific than HTSUS classification 7304.59.8020.

72. As imported, the subject merchandise has the essential character of an article "of a kind used in drilling for oil and gas."

   a) The dimensional tolerances of the merchandise, such as inner and outer diameter, wall thickness and straightness, are necessary to be suitable "for drilling for oil and gas."

   b) Yield and tensile strength, hardness, impact resistance and grain size, are specially designed for use in perforating gun assemblies.

73. CBP erroneously asserted in the Protest denial that the correct HTSUS classification for the imported material was 7304.59.8020 rather than 7304.29.6115.

## COUNT III:

74. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1–73 of this Complaint.

75. The HTSUS classification of an entered article is material. Defendant CBP changed a material term of the Entry without reliquidation.

76. Under the circumstances, CBP's late and unjustified change of the tariff

classification in direct conflict with previous determinations regarding tariff classification of the same article was unlawful.

## COUNT IV:

77. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1–76 of this Complaint.

78. The denial of the Protest deprived Plaintiff of the opportunity to be heard with respect to the appropriate classification of the entered merchandise.

## PRAYER FOR RELIEF

79. WHEREFORE, Plaintiff respectfully urges that this Court:

c) Declare that the Protest was denied contrary to law;

d) Order Defendants to reliquidate the Entry and refund the duties paid by Plaintiff in Entry No. BDG 0053169-2 (May 2, 2020) covered by Exclusion No. 85773 (granted December 4, 2020), together with interest as provided by law; and

e) Provide such other and further relief as the nature of the case may admit or require, and any such other relief as may be deemed just and equitable by this Court is granted.

Date: November 21, 2023                                   Respectfully submitted,

/s/ Lewis E. Leibowitz
*The Law Office of Lewis E. Leibowitz*
5335 Wisconsin Ave., N.W., Suite 440
Washington, DC 20015
Telephone No.: (202) 617-2675
Email: lewis.leibowitz@lellawoffice.com

*Attorney for Plaintiff*