Slip Op.24-145

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **G&H DIVERSIFIED MANUFACTURING LP,** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES,** <br><br> Defendant. | **Before: Timothy M. Reif, Judge** <br><br> **Court No. 22-00130** |

### OPINION AND ORDER

[Denying plaintiff's motion for judgment on the pleadings.]

Dated: December 19, 2024

Lewis E. Leibowitz, The Law Office of Lewis E. Leibowitz, of Washington, D.C., for plaintiff G&H Diversified Manufacturing LP.

Guy R. Eddon, Trial Attorney, International Trade Field Office, Civil Division, U.S. Department of Justice, of New York, N.Y., for defendant United States. With him on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director and Aimee Lee, Assistant Director, International Trade Field Office. Of counsel on the brief was Valerie Sorensen-Clark, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of New York, N.Y.

\* \* \*

Reif, Judge:  Before the court is the motion for judgment on the pleadings of G&H Diversified Manufacturing LP ("plaintiff").  Plaintiff brings the instant action to contest the denial of administrative protest 5301-21-107212 (the "Protest") seeking to apply approved Exclusion No. 85773 (the "Exclusion") to Entry No. BDG-0053169-2 (the "Entry").  See Pl.'s Mot. J. Pleadings, ECF No. 17; Mem. Supp. Pl.'s Mot. J. Pleadings ("Pl. Br."), ECF No. 17-2.

Plaintiff argues that U.S. Customs and Border Protection ("Customs") denied unlawfully plaintiff's protest because "the purported change in HTSUS classification was made long after [Customs] had already concluded on at least three separate occasions that the classification of the imported goods was correct." Am. Compl. ¶ 3, ECF No. 9. Plaintiff also contests Customs' classification of the Entry. *Id.* ¶ 5.

In response, the United States ("defendant") argues that "there are facts in dispute and judgment cannot be rendered on the pleadings." Def.'s Mem. Law Opp'n Pl.'s Mot. J. Pleadings as to Counts I, III, and IV of the Corrected Compl. ("Def. Br.") at 7, ECF No. 22.

For the reasons discussed below, the court denies plaintiff's motion for judgment on the pleadings.

## BACKGROUND

Plaintiff was the importer of record for certain steel tubes (the "subject merchandise") entered on May 2, 2020. Am. Compl. ¶ 19; Answer to Compl. ("Answer") ¶ 19, ECF No. 14. Plaintiff made the Entry of the subject merchandise at the Port of Houston. Am. Compl. ¶ 40; Answer ¶ 40. Line Item 001 of the Entry is at issue in this case. Am. Compl. ¶ 41; Answer ¶ 41.

Plaintiff classified Line Item 001 under Harmonized Tariff Schedule of the United States ("HTSUS") subheading 7304.29.6115.[1]  Am. Compl. ¶ 41; Answer ¶ 41.

On May 2, 2020, plaintiff submitted a steel product exclusion request to the Bureau of Industry and Security ("BIS") within the U.S. Department of Commerce

---

[1] HTSUS subheading 7304.29.6115 covers "[c]asing, tubing and drill pipe, of a kind used in drilling for oil or gas" that have "an outside diameter not exceeding 114.3 mm" and that have "a wall thickness not exceeding 9.5 mm."

("Commerce") to secure the refund of duties imposed by Proclamation 9705 pursuant to section 232 of the Trade Expansion Act of 1962, as amended, 19 U.S.C. § 1862 ("Section 232").  Am. Compl. ¶ 1-2, 19; Answer ¶ 1-2, 19.

On May 13, 2020, BIS posted plaintiff's exclusion request to the BIS "Section 232 Exclusions Portal."  Am. Compl. ¶ 42; Answer ¶ 42.

On December 4, 2020, BIS granted plaintiff's requested exclusion and issued a decision memorandum.  Am. Compl. ¶ 19; Answer ¶ 19; BIS Decision Document – Steel Section 232 Remedy Exclusion Request (Dec. 4, 2020) ("BIS Dec. Mem."), ECF No. 22-1.  BIS granted the Exclusion under HTSUS subheading 7304.29.6115, as requested.  BIS Dec. Mem. at 1.

On March 26, 2021, Customs liquidated the Entry and assessed Section 232 duties.  Am. Compl. ¶ 29; Answer ¶ 29.

On April 19, 2021, plaintiff filed the Protest seeking a refund of Section 232 duties.  Am. Compl. ¶ 30-31; Answer ¶ 30-31.

On November 22, 2021, Customs denied the Protest and concluded that the subject merchandise was classified properly under HTSUS subheading 7304.59.8020 rather than subheading 7304.29.6115, as entered.[2]  Am. Compl. ¶ 53; Answer ¶ 53.

---

[2] HTSUS subheading 7304.59.8020 covers "Tubes, pipes and hollow profiles, seamless, of iron (other than cast iron) or steel: Other, of circular cross section, of other alloy steel: Other: Other: Other: Other: Having an outside diameter of 38.1 mm or more but not exceeding 114.3 mm: Having a wall thickness of 6.4 mm or more but not exceeding 12.7 mm."

On January 12, 2022, plaintiff submitted a request to void the denial of the Protest. Am. Compl. ¶ 56.[3]

On April 22, 2022, plaintiff filed its summons. *Id.* ¶ 58; Answer ¶ 58; *see* Summons, ECF No. 1.

On May 24, 2022, Customs denied plaintiff's request to void the Protest denial. Am. Compl. ¶ 57; Answer ¶ 57.

On November 21, 2023, plaintiff filed its complaint in this case. *See* Compl., ECF No. 7. On November 29, 2023, plaintiff amended its complaint. *See* Am. Compl.

On February 29, 2024, defendant filed its answer to plaintiff's amended complaint. *See* Answer.

On June 21, 2024, plaintiff filed the instant motion for judgment on the pleadings as to Counts I, III and IV of the amended complaint. *See* Pl.'s Mot. J. Pleadings; *see also* Am. Compl. ¶¶ 60-69, 74-78. Plaintiff also filed a memorandum of law in support of its motion. *See* Pl. Br.

On September 24, 2024, defendant filed a memorandum of law in opposition to plaintiff's motion for judgment on the pleadings. *See* Def. Br.

On October 15, 2024, plaintiff filed its reply brief. *See* Mot. J. Pleadings—Reply Br. of Pl. ("Pl. Reply Br."), ECF No. 23.

On November 5, 2024, the Court denied plaintiff's motion for oral argument. Ct.'s Order Den. Mot. Oral Arg., ECF No. 25.

---

[3] Defendant in its answer "denies [that] the request was submitted on January 12, 2022." Answer ¶ 56. However, defendant appears to abandon this objection in its briefing. *See* Def. Br. at 6 ("On January 12, 2022, G&H submitted 'a request to void the denial of the Protest.'").

**JURISDICTION AND STANDARD OF REVIEW**

The Court exercises exclusive jurisdiction over all civil actions commenced under section 515 of the Tariff Act of 1930, 19 U.S.C. § 1515, to contest protests denied by Customs, 28 U.S.C. § 1581(a),[4] and reviews such actions de novo. 28 U.S.C. § 2640(a)(1) ("The Court of International Trade shall make its determinations upon the basis of the record made before the court ....... ").

Pursuant to USCIT Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

"Judgment on the pleadings for a plaintiff is appropriate where there are no material facts in dispute and the plaintiff is entitled to judgment as a matter of law." *N.Z. Lamb Co. v. United States*, 40 F.3d 377, 380 (Fed. Cir. 1994); *Forest Lab'ys., Inc. v. United States*, 476 F.3d 877, 881 (Fed. Cir. 2007); *Universal Steel Prods., Inc. v. United States*, 45 CIT __, __, 495 F. Supp. 3d 1336, 1342 (2021).

The motion is reviewed under the same standard as a motion to dismiss under USCIT Rule 12(b)(6) for failure to state a claim. *Forest Lab'ys, Inc. v. United States*, 29 CIT 1401, 1402-03, 403 F. Supp. 2d 1348, 1349 (2005), *aff'd*, 476 F.3d 877 (Fed. Cir. 2007).

In reviewing a motion for judgment on the pleadings, "the court accepts all well-pleaded facts as true and views them in the light most favorable to the non-moving party." *Keirton USA, Inc. v. United States*, 46 CIT __, __, 600 F. Supp. 3d 1270, 1272 (2022); *see also C.J. Tower & Sons of Buffalo, Inc. v. United States*, 68 Cust. Ct. 377,

---

[4] References to the U.S. Code are to the 2018 edition. Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code.

379, 343 F. Supp. 1387, 1390 (1972) ("[W]hen a motion is directed solely to the pleadings, the movant admits the truth of his adversary's well-pleaded factual allegations but denies their sufficiency as a matter of law.").

Finally, "[t]he court may not rely on matters outside the pleadings unless it also treats the motion as one for summary judgment under USCIT Rule 56." *Quaker Pet Grp., LLC v. United States*, 42 CIT __, __, 287 F. Supp. 3d 1348, 1354 (2018); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2004) ("[J]udgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice.")

## LEGAL FRAMEWORK

Section 232 "authoriz[es] the President to adjust imports that pose a threat to the national security of the United States." *Universal Steel Prods.*, 45 CIT at __, 495 F. Supp. 3d at 1339. Pursuant to Section 232, the President issued Proclamation 9705, which established a 25 percent tariff on imports of steel articles from all countries except for Canada and Mexico. *Proclamation No. 9705 of March 8, 2018* ("Proclamation 9705"), 83 Fed. Reg. 11,625 (Mar. 15, 2018); *see also Universal Steel Prods.*, 45 CIT at __, 495 F. Supp. 3d at 1340.

Proclamation 9705 "authorized [Commerce] to provide relief from the additional duties set forth in clause 2 of [the] proclamation for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a

satisfactory quality and . . . to provide such relief based upon specific national security considerations." 83 Fed. Reg. at 11,627.

## DISCUSSION

### I.     Counts I and IV

The court will rule on Counts I and IV together because the former is inclusive of the latter.  *See* Am. Compl. ¶ 68, 78.

Plaintiff alleges that "[t]he Protest denial failed to consider that [Customs] had previously determined, in reviewing the Exclusion request and participating in the final approval of the Exclusion, as well as through liquidation, that the HTSUS classification asserted in the Entry was correct and matched the Exclusion."  *Id.* ¶ 67.

Plaintiff also alleges that "[t]he Protest denial was issued without notice to Plaintiff or an opportunity for Plaintiff to be heard regarding the reversal of [Customs'] earlier determinations of the proper HTSUS classification of the imported merchandise."  *Id.* ¶ 68.

### A.     Whether Customs determined previously that the HTSUS classification asserted in the Entry was correct and matched the Exclusion

#### 1.     The posting of the exclusion request (May 13, 2020)

The court concludes that plaintiff is not entitled to judgment as a matter of law as to whether the posting of the exclusion request constituted a determination of the correct classification by Customs.

The following facts are not in dispute.  On May 13, 2020, BIS posted the exclusion request on the "Section 232 Exclusions Portal."  Am. Compl. ¶ 42; Answer ¶

42. The posting opened a 30-day window for public comments on the exclusion request. Am. Compl. ¶ 42; Answer ¶ 42.

Plaintiff argues that "[w]hen the exclusion request was posted, the classification was confirmed by [Customs]." Pl. Br. at 4. Plaintiff explains that "the HTSUS classification [is] to be determined as a prerequisite to posting the exclusion request online to seek public comment." *Id.* at 6.

Plaintiff explains further that Customs "had the obligation under the BIS regulations . . . to review the HTSUS classification [in the exclusion request] and notify BIS, preventing publication of the exclusion request if [Customs] determined that the HTSUS classification in the request was incorrect." *Id.*

Defendant responds that "[t]he fact that BIS posted the contents of G&H's exclusion request does not constitute a 'decision' on any aspect of that request." Def. Br. at 14. Defendant explains that "[i]t is not clear how G&H associates an administrative action by another agency with a substantive and conclusive classification determination made by [Customs]." *Id.*

In reply, plaintiff argues that "BIS guidance requir[es] [Customs] to verify the accuracy of the HTSUS classification in an exclusion request prior to it being posted for public comment." Pl. Reply Br. at 7. Plaintiff insists that "[i]f the HTSUS classification is correct in the Exclusion Request, then it must be correct for the conforming Entry, because the specifications and end use of the steel in the two documents are identical." *Id.* at 8.

Parties fail to cite statutes or regulations that would allow the court to determine this question of law.

Plaintiff cites BIS regulations in support of its assertions that "the HTSUS classification was to be determined as a prerequisite to posting the exclusion request online to seek public comment" and that the "correct HTSUS classification, along with precise product specifications, 'is essential' to permit potential objectors to determine whether 'the requested product is or readily can be made in sufficient quantity and quality by domestic manufacturers.'"  Pl. Br. at 6 (quoting *Submissions of Exclusion Requests and Objections to Submitted Requests for Steel and Aluminum* ("*Submissions of Exclusion Requests*"), 83 Fed. Reg. 46,026, 46,035 (Dep't of Commerce Sept. 11, 2018)).

Setting aside the question of whether BIS regulations would even bind Customs, the court notes that the section that plaintiff quotes concerns BIS' decision to prohibit trade associations from filing exclusion requests.  *See Submissions of Exclusion Requests*, 83 Fed. Reg at 46,035.  It has nothing to do with Customs' responsibilities during the review of exclusion requests.  *See id.*  Moreover, defendant does not cite anything to support its arguments.  *See* Def. Br. at 14.

For these reasons, the court is unable to rule on the legal question of whether the posting of an exclusion request by BIS constitutes a determination by Customs of the proper HTSUS classification.  *See Quaker Pet*, 42 CIT at __, 287 F. Supp. 3d at 1354 (stating that "[t]he court may not rely on matters outside the pleadings unless it also treats the motion as one for summary judgment under USCIT Rule 56").

Plaintiff is not entitled to judgment as a matter of law.

**2.    The approval of the Exclusion by BIS (December 4, 2020)**

The court concludes that there is a genuine dispute of material fact with respect to Customs' role in the exclusion approval process.

The following facts are not in dispute. On December 4, 2020, BIS approved the Exclusion. Am. Compl. ¶ 32, 47; Answer ¶ 32, 47. The accompanying decision memorandum named plaintiff and listed the HTSUS classification as 7304.29.6115. *See* BIS Dec. Mem.

Plaintiff argues that "at the time an exclusion request is up for approval, [Customs] again is expected to affirm the correct HTSUS classification." Pl. Br. at 6-7. Further, plaintiff asserts that under the principle of "presumption of regularity," it may be assumed that Customs "fulfilled its obligation to ensure the HTSUS classification was correct in in [sic] connection with . . . the approval of the Exclusion." *Id.* at 7-8 (citing *Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001)).

In response, defendant argues that plaintiff "is simply incorrect that the limited, automated-review [sic] of the exclusion request in this case constituted a determination as to these facts." Def. Br. at 16. Defendant explains that Section 232 exclusion requests are reviewed using "an automated program that is designed to check that certain basic, quantitative information, such as chemical or dimensional facts submitted by the exclusion requester satisfies the preconditions required to fall within the requester's claimed tariff provision." *Id.* at 15.

Defendant insists that an exclusion request meeting the "automated conditions" is not "sufficient to guarantee that the HTSUS subheading identified by the requester is correct as it relates to a particular product – *i.e.*, meeting the necessary conditions for a

subheading does not guarantee that the merchandise is correctly classified under that subheading." *Id.* Moreover, defendant argues that "BIS's approval of the requested exclusion expressly noted that the approval was not to be construed as a ruling or official confirmation of the correct HTSUS provision." *Id.* at 17; *see* BIS Dec. Mem. at 2.

In reply, plaintiff argues that "[t]he tariff classification listed in the Exclusion is an integral and inseparable part of the approved Exclusion." Pl. Reply Br. at 8. Plaintiff asserts that "[i]f the HTSUS classification is correct in the Exclusion Request, then it must be correct for the conforming Entry, because the specifications and end use of the steel in the two documents are identical." *Id.*

The undisputed facts contained in the pleadings do not provide sufficient information for the court to determine the role of Customs in the exclusion approval process. There are material facts in dispute, namely whether Customs' review of Section 232 exclusion requests is "automated." Def. Br. at 15-17. Defendant's explanation of the "automated check," while thorough, is unaccompanied by citations to factual support of any kind. *See id.* at 3, 15.

Plaintiff cites to BIS documents and regulations that mention that Customs "reviews" the HTSUS code in the exclusion request and "consults as needed with Commerce." Pl. Reply Br. at 6-7 (quoting U.S. Dep't of Commerce, Bureau of Industry and Security, *232 Exclusion Process Frequently Asked Questions (FAQs)*, https://www.bis.doc.gov/index.php/documents/section-232-investigations/2409-section-232-faq/file (last updated June 19, 2019); *Section 232 Steel and Aluminum Tariff Exclusions Process*, 85 Fed. Reg. 81,060, 81,064 (Dep't of Commerce Dec. 14, 2020); U.S. Dep't of Commerce, Bureau of Industry and Security, *Section 232 National*

*Security Investigation of Steel Imports - Information on the Exclusion Process*, https://www.bis.doc.gov/index.php/232-steel (last updated July 11, 2024)).  None of plaintiff's citations provide elucidation as to the character of Customs' review and consultation with BIS.[5]  Such questions are factual in nature.

Accordingly, the court is unable to determine whether the Dec. 4, 2020 exclusion approval constituted a determination by Customs of the proper HTSUS classification.  *See* Pl. Br. at 6-8; *see also C.J. Tower & Sons*, 68 Cust. Ct. at 379, 343 F. Supp. at 1390 ("[T]he motion [for judgment on the pleadings] must be denied if, as against the moving party, the pleadings raise any factual issues, . . . but must be granted if there are no disputed facts and the movant is clearly entitled to judgment as a matter of law.").  The court concludes that there is a genuine dispute of material fact such that plaintiff is not entitled to judgment as a matter of law.  *See N.Z. Lamb*, 40 F.3d at 380.

### 3.     The notice of liquidation posted by Customs (March 26, 2021)

The court concludes that plaintiff is not entitled to judgment as a matter of law on the question of whether the notice of liquidation constituted a determination by Customs of the proper classification.

It is undisputed that on March 26, 2021, Customs liquidated the Entry as entered under HTSUS subheading 7304.29.6115.  Am. Compl. ¶ 29; Answer ¶ 29.

Plaintiff argues that "[a] third opportunity for [Customs] to get the classification right was at liquidation."  Pl. Br. at 7.  Plaintiff explains that "[i]n this case, [Customs] liquidated the Entry with the HTSUS classification asserted at the time of entry."  *Id.*

---

[5] Moreover, *Section 232 Steel and Aluminum Tariff Exclusions Process* post-dates by 10 days the exclusion approval at issue here.  *See Section 232 Steel and Aluminum Tariff Exclusions Process*; *see also* BIS Dec. Mem.

Plaintiff insists that at liquidation, Customs "had the responsibility to review all the material specifications, including the HTSUS statistical reporting number (the 10-digit classification) in the Exclusion and the Entry." *Id.* at 11.

In response, defendant argues that "[a]uto-liquidation or bypass liquidation entries 'are made without examination or Customs officer review and do not reflect "treatment" by Customs' that determines classification." Def. Br. at 17 (quoting *Kent Int'l, Inc. v. United States*, 17 F.4th 1104, 1109 (Fed. Cir. 2021)).

Defendant buttresses its argument with citations to a series of cases. *See id.* at 17-18; *Kent Int'l*, 17 F.4th at 1109 ("[B]ypass entries . . . are made without examination or Customs officer review and do not reflect 'treatment' by Customs."); *Motorola, Inc. v. United States,* 436 F.3d 1357, 1390 (Fed. Cir. 2006) ("[T]he admission of entries 'expeditiously and without examination or Customs officer review' does not constitute 'treatment' within the meaning of [19 U.S.C. § 1625(c)(2)]."); *Under the Weather, LLC v. United States*, 48 CIT __, __, 728 F. Supp. 3d 1337, 1357 (2024). Defendant explains that the March 26, 2021 "notice of automatic liquidation" did not "demonstrate[] that [Customs] made an affirmative determination as to the classification of the product covered by the exclusion." Def. Br. at 18.

Plaintiff asserts that "[t]he cases cited by Defendant . . . are inapposite here because they deal with whether [bypass entries] can be used to support an 'established and uniform practice' under 19 U.S.C. § 1625(c)." Pl. Reply Br. at 10 (quoting *Kent Int'l*, 17 F.4th at 1106). Plaintiff explains that it is "not asserting that [Customs] had an 'established and uniform practice,' only that [Customs] acted consistently throughout the

exclusion process in this case, assenting to the tariff classification prior to the exclusion request being posted as well as the liquidation of the entry." *Id.*

This reading is misguided. The Court in *Kent International* did discuss whether Customs violated a de facto "established and uniform practice," *see* 17 F.4th at 1106, but the Court also considered expressly whether bypass entries reflect "treatment previously accorded." *See id.* at 1109; *see also Motorola*, 436 F.3d at 1366-67. Moreover, the phrase 'established and uniform practice' does not appear once in *Under the Weather*. *See Under the Weather*, 48 CIT __, 728 F. Supp. 3d 1337. Whether bypass entries constitute "treatment previously accorded" bears directly on this case because under 19 C.F.R. § 177.12(c)(1)(i), "a treatment was previously accorded by Customs" if there was "an *actual determination* by a Customs officer." *Id.* at 1357 (emphasis supplied).

In response, plaintiff states flatly, without legal support, that "liquidation of an entry has legal significance, whether the liquidation of the Entry in this case was 'brainless' or a 'bypass entry' is irrelevant." Pl. Reply Br. at 10.

Viewing the factual allegations in the light most favorable to defendant, the court concludes that plaintiff is not entitled to judgment as a matter of law as to whether the auto-liquidation of the Entry constituted a determination by Customs of the proper HTSUS classification. *Keirton USA*, 46 CIT at __, 600 F. Supp. 3d at 1272.

Based on the foregoing, the court denies plaintiff's motion as to the more general question of whether Customs determined previously that the HTSUS classification asserted in the Entry was correct and matched the Exclusion. *See* Am. Compl. ¶ 67.

### B. Whether the Protest denial was issued without notice or an opportunity to be heard

The court concludes that plaintiff is not entitled to judgment as a matter of law on the question of whether the Protest denial was issued without notice or an opportunity to be heard.

The following facts are not in dispute. On April 19, 2021, plaintiff filed the Protest with Customs. Am. Compl. ¶ 30, 51; Answer ¶ 30, 51.

On November 22, 2021, Customs denied the Protest. Am. Compl. ¶ 53; Answer ¶ 53. Customs concluded that the subject merchandise was classified properly under HTSUS subheading 7304.59.8020 rather than under subheading 7304.29.6115, as entered. Am. Compl. ¶ 53; Answer ¶ 53.

On January 12, 2022, plaintiff submitted a request to Customs to void denial of the Protest. Am. Compl. ¶ 56.[6]

On May 24, 2022, plaintiff received notification that Customs denied plaintiff's request to void denial of the Protest. Am. Compl. ¶ 57; Answer ¶ 57.

After the November 22, 2021 protest denial, Customs did not reliquidate the Entry. Am. Compl. ¶ 55; Answer ¶ 55.

Plaintiff argues that Customs "has improperly attempted to frustrate the exclusion process by materially changing the Entry by adopting a new HTSUS classification without proper notice or opportunity to protest said change." Pl. Br. at 12. Plaintiff gives two reasons.

---

[6] *See supra* n.3.

1. **Administrative options**

Plaintiff's first reason is that "[w]hen the Entry was liquidated in March 2021, Plaintiff determined . . . that a protest was the only means available to obtain refund of duties on the Entry that had already been paid." *Id.* at 9. Plaintiff does not cite anything to support its assertion. *See id.*

In response, defendant argues that plaintiff had "options" to ensure that the Exclusion could be applied to the Entry. Def. Br. at 19. Defendant lists several of these administrative options. *See id.* at 19-20.

Defendant argues first that plaintiff should have "sought a ruling from [Customs] to confirm the correct tariff classification for its merchandise before submitting its exclusion request to BIS." *Id.* at 19 (citing 19 C.F.R. Part 177). Defendant explains that "[a] ruling from [Customs] would have alerted G&H that [Customs] did not agree with its entered classification, and G&H could then have submitted the correct classification with its exclusion request." *Id.*

Defendant argues second that plaintiff "could have filed a Post Summary Correction (PSC) to amend the subject entry after receiving BIS's Decision Memorandum granting [the Exclusion]." *Id.* at 20 (citing U.S. Customs and Border Prot., *CSMS #42566154 - Section 232 and Section 301 – Extensions Requests, PSCs, and Protests* ("CSMS #42566154") (May 1, 2020, 5:05 PM), https://content.govdelivery.com/accounts/USDHSCBP/bulletins/289820a). Defendant explains that "[h]ad G&H filed a PSC to request that the exclusion be applied to the subject merchandise, it may have learned from [Customs] prior to liquidation that the

subject merchandise is properly classified under a different tariff provision than reported in the granted exclusion." *Id.*

Defendant argues third that "[a]lthough not required, G&H also had the option of filing an administrative request to extend liquidation for the subject entry while it was awaiting BIS's decision on the exclusion request." *Id.* (citing CSMS #42566154). Defendant explains that "[i]f G&H had extended liquidation, that extension would also have extended the time that G&H had to file a PSC." *Id.*

In sum, defendant insists that "G&H had alternative options to resolve this matter administratively but failed to avail itself of those options." *Id.* at 21.

Plaintiff does not address any of these administrative options in its reply brief. *See* Pl. Reply Br. Accordingly, plaintiff has failed to demonstrate that it lacked the opportunity to challenge the substance of Customs' determination.

Viewing the factual allegations in the light most favorable to defendant, the court concludes that plaintiff is not entitled to judgment as a matter of law as to this point. *See Keirton USA*, 46 CIT at __, 600 F. Supp. 3d at 1272.

### 2. Whether Customs may change the classification in a protest that did not raise the issue of classification

Plaintiff's second reason for challenging Customs' decision on the grounds that plaintiff did not have notice or an opportunity to be heard is that "belatedly changing the classification, after having affirmed it three times, frustrated and undermined the exclusion process." Pl. Br. at 8.

Plaintiff explains that "even if the tariff classification asserted at the time of entry was incorrect (it was not incorrect in this case) Customs may not second-guess itself in

a protest that only raised the issue of the application of an approved exclusion when a valid exclusion permits retroactive refunds." *Id.* at 11.

In response, defendant argues that to determine whether a granted exclusion applies to the subject merchandise, Customs "must verify that the merchandise as described in the entry documentation exactly matches the merchandise as described in the exclusion requests that Commerce granted." Def. Br. at 18. Defendant explains that "these classifications are fact-specific and must be verified before an exclusion can be applied to a particular entry." *Id.* at 19. However, defendant does not provide any citations to support these assertions. *See id.* at 18-19.

In reply, plaintiff argues that "[b]ecause the physical characteristics and use of the entered merchandise matched exactly those same attributes in the Exclusion, it is impossible, legally and logically, for the HTSUS classifications to differ." Pl. Reply Br. at 4. Notably, plaintiff does not cite anything to demonstrate this purported legal and logical impossibility. *See id.*

Nor does plaintiff cite anything to buttress its assertion that "[t]he mere fact that [Customs] purported to change its mind about the tariff classification in the approved Exclusion, and thereby negate the Exclusion's effect, is flatly inconsistent with the regulatory framework that BIS created under its delegated authority from the President." *See id.* at 8-9. The same lack of legal support characterizes plaintiff's contention that "[w]hile [Customs] may examine an exclusion and reject its application to an entry because the entry and the exclusion describe *different products*, in this case the tariff classification in the Entry and the Exclusion matched, and there was no discrepancy

between the merchandise described in the Exclusion and the relevant portion of the Entry." See id.

The court is unable to rule on the legal question of whether Customs was permitted to change the classification of an entry in a protest that did not raise the issue of classification. Accordingly, plaintiff is not entitled to judgment as to this point.

In sum, the court denies plaintiff's motion for judgment on the pleadings as to Counts I and IV of the amended complaint.

## II.	Count III

Plaintiff alleges that the "HTSUS classification of an entered article is material" and that Customs "changed a material term of the Entry without reliquidation." Am. Compl. ¶ 75.

Plaintiff also argues that "[u]nder the circumstances, [Customs'] late and unjustified change of the tariff classification in direct conflict with previous determinations regarding tariff classification of the same article was unlawful." Id. ¶ 76.

Plaintiff does not pursue this allegation in its briefing. See Pl. Br.; see also Pl. Reply Br. The most that plaintiff argues is that "a liquidation is a 'determination' by [Customs] of the material elements of an entry, which is binding." Pl. Reply Br. at 10. Plaintiff does not support this assertion with citations to legal authority of any kind. See id.

Moreover, the court has already discussed the questions of whether the auto-liquidation of the Entry constituted a determination and whether Customs' change of the tariff classification was "late and unjustified." See supra Sections I.A.3, I.B.2.; Am. Compl. ¶ 76.

For these reasons, the court denies plaintiff's motion for judgment on the pleadings as to Count III.

## CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that plaintiff's motion for judgment on the pleadings is **DENIED**.

<u>/s/ Timothy M. Reif</u><br>
Timothy M. Reif, Judge

Dated:  <u>December 19, 2024</u>
         New York, New York