UNITED STATES COURT OF INTERNATIONAL TRADE
HON. TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| G&H DIVERSIFIED MANUFACTURING, LP,   ) | |
|                                   *Plaintiff,*   ) | |
| v.                                                                                           ) | Court No. 22-00130 |
| UNITED STATES,                                                              ) | |
|                                   *Defendant.*   ) | |

**PLAINTIFF'S MOTION FOR RULING ON RULE 30(b)(6) DEPOSITION NOTICES DIRECTED AT FEDERAL AGENCIES**

Plaintiff respectfully moves this Court for a determination that, in an action in which the United States is the named defendant, a party may properly serve a deposition notice under USCIT Rule 30(b)(6) identifying a particular federal agency whose knowledge and processes are at issue in the case. Such a ruling is necessary to facilitate discovery in this case.

**I.   Facts**

Fact discovery has been undertaken in this case through interrogatories and document production. Depositions have been noticed, but none has been taken due to a variety of circumstances, including the recent federal government shutdown, which ended on November 13, 2025.

The parties have petitioned the court to revise the scheduling order in the case. On December 11, 2025 the Court entered a revised scheduling order (ECF 41). Plaintiff promptly noticed depositions under CIT Rule 30(b)(6) naming the Bureau of Industry and Security and U.S. Customs and Border Protection. Defendant objected to the deposition notices via emails addressed to the undersigned, but the government has taken no action to seek a protective order. The government asserted via email that it would respond to one and only one Rule 30(b)(6) notice, and that it must name only the United States as the party to be deposed, rather than two government agencies whose knowledge and procedures are central to the litigation.

Because "Rule 30(b)(6) is the principal mechanism for deposing entities, *including government agencies,*" *United States v. Brancatelli,* 740 F. Supp. 3d 677, 683 (N.D. Ohio 2024), *quoting Consumer Fin. Prot. Bureau v. Brown,* 69 F.4th 1321, 1324 n.1 (11th Cir. 2023)(emphasis added), Plaintiff requests a formal ruling that the government is incorrect in its assertion, and that deposition notices naming two specific government agencies with relevant information are permitted under this Court's rules. This determination is essential to facilitate discovery.

## II. Relief Requested

Plaintiff seeks a ruling that:

1. USCIT Rule 30(b)(6) permits a deposition notice to identify a specific federal agency as the organizational entity required to designate one or more witnesses to be deposed; and
2. The fact that the United States is the named defendant does not preclude a Rule 30(b)(6) deposition notice from a party identifying specific agencies as "organizations," where, as here, each agency possesses distinct information relevant to the factual and legal issues before the Court.
3. Each noticed agency must produce a witness to testify at a deposition.
4. Objections to a deposition notice must be in the form of a motion for a protective order to quash a subpoena.

This motion seeks a threshold legal ruling to manage discovery and avoid unnecessary disputes. Plaintiff seeks a ruling that a Rule 30(b)(6) deposition notice may specify particular government agencies. If a party objects to a deposition notice the proper course of action is a motion for protective order, after a reasonable effort to resolve differences. Plaintiff has made reasonable efforts to resolve the threshold issue, but the parties are at an impasse. Plaintiff therefore seeks a ruling on this issue from the Court.

## III. This Motion Is Timely

The government has taken the position, although not formally with this Court, that the government need not even respond to a Rule 30(b)(6) deposition notice directed to particular

federal agencies. That stance raises a threshold legal question concerning the interpretation of USCIT Rule 30(b)(6) and discovery procedures generally. Two agencies in particular are deeply involved in this case (BIS and CBP), and Plaintiff asserts the right to examine each of them. One agency (CBP) directly injured Plaintiff, while the other did not, having granted an exclusion that Plaintiff seeks to implement.

Courts commonly resolve legal issues that involve the structure of discovery in advance of specific disputes regarding the propriety of specific questions, where early clarification promotes efficient case management and avoids needless motion practice. *See, e.g., SEC v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992)(addressing Rule 30(b)(6) framework prior to objections to particular topics).

Courts have ruled that specifically that a motion asserting the availability or structure of a Rule 30(b)(6) deposition is timely even though a deposition has not occurred. *Linder v. Calero-Portocarrero*, 251 F.3d 180 (D.C. Cir. 2001)(federal agencies must comply with subpoenas "unless the … court, exercising its discretion under the protective provisions of Rules 45 and 26, relieves them of that obligation.") *See also Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.,* 251 F.R.D. 534, 539 (D. Nev. 2008)(served parties may not substitute written responses for a deposition or a subpoena).

This Court likewise has broad discretion to resolve legal questions that govern discovery structure, particularly where, as here, the issue affects how discovery proceeds across multiple agencies and bears directly on efficiency and proportionality. See USCIT Rule 1 (rules "should be construed, administered, and employed … to secure the just, speedy, and inexpensive determination of every action").

Plaintiff does not seek to compel testimony, overrule objections to specific topics, or impose discovery burdens at this stage. Plaintiff now seeks only a legal determination that Rule 30(b)(6) permits agency-specific deposition notices in actions against the United States, and that these agencies must comply with such notices. Discovery must proceed expeditiously, and the government has shown an unwillingness to do so. Accordingly, this motion is timely.

**III. Rule 30(b)(6) Permits Deposition Notices Directed to Specific Federal Agencies**

USCIT Rule 30(b)(6) authorizes parties seeking deposition discovery to serve notices to a named "governmental agency… ." The Rule's text expressly recognizes governmental agencies as organizational deponents, independent of the nominal caption of the case. The government contends otherwise, against the very language of the Rule.

Where the United States acts through multiple agencies with distinct statutory responsibilities, Rule 30(b)(6)'s purpose—obtaining binding testimony from the entity with knowledge—would be frustrated if a party were forced to treat the federal government as a single, undifferentiated witness. In this case, the interplay between two agencies, the Bureau of Industry and Security and U.S. Customs and Border Protection, is highly relevant to the litigation. BIS granted an exclusion, and CBP declined to implement that exclusion.

Courts construing Rule 30(b)(6) in cases against the United States have therefore permitted agency-specific depositions, recognizing that each agency constitutes an "organization" within the meaning of the Rule, even though the United States is the named party. There is simply no basis in law to negate this rule merely because the case was brought against the United States.

**IV.    Agency-Specific Rule 30(b)(6) Notices Are Necessary Where Multiple Agencies Possess Distinct Knowledge**

In cases involving inter-agency coordination, policy implementation, or divided statutory authority, requiring a single consolidated witness would undermine Rule 30(b)(6)'s core function, which is to develop evidence regarding the actions of specific "organizations".

For example, agencies often:

- Possess non-overlapping factual records;
- Operate under distinct statutory mandates; and
- Maintain separate decision-making chains.

Thus, under Rule 30(b)(6), the deponent "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *SEC v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y 1992)(citations omitted). *Accord, Conservation Law Found., Inc. v. Shell Oil Co.*, 2025 U.S. Dist. LEXIS 71310 at 4 (D. Conn. 2025) (presenting an unprepared witness is "tantamount to a failure to appear").

In this case, the relevant law turns on a series of presidential proclamations concerning the steel exclusion program and its processes, explicitly delegating to BIS the authority to develop regulations and procedures.  CBP also issued advice and other pronouncements.  Preparation for these depositions would therefore be difficult for persons not currently or at least formerly with the agency at issue, with knowledge of the processes and interagency coordination.  While witnesses not currently employed, their consent would be required and, importantly, they must be fully prepared with access to all relevant documents.

Nothing in the Rules of this court requires a party serving a Rule 30(b)(6) deposition notice to accept a witness that is unprepared to "answer fully, completely, unevasively, the questions posed" in the notice. To the contrary, Rule 30(b)(6) places the burden on the responding organization—here, each identified agency—to designate a witness capable of testifying to matters known or reasonably available to that organization.

**V.   Consultations (CIT Rule 7(f))**

To the extent that this motion is treated as a "motion to compel discovery" under Rule 37(a), Plaintiff has consulted via email with counsel for Defendant in an attempt to reach agreement, in good faith, on the issues involved in this motion. The parties have reached an impasse on the question presented herein. Plaintiff anticipates that Defendant will oppose this motion.

**VI.   Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court rule that a Rule 30(b)(6) deposition notice may properly be directed to BIS and CBP in this action against the United States.

> Respectfully submitted,
>
> /s/ Lewis Leibowitz
> Lewis Leibowitz, Principal
> The Law Office of Lewis E. Leibowitz
> 5335 Wisconsin Avenue, N.W.
> Suite 440
> Washington, D.C. 20015
>
> Phone: (202) 617-2675
> Email: lewis.leibowitz@lellawoffice.com
>
> *Attorney for Plaintiff*

Date:  December 19, 2025