# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

|   |   |
|---|---|
| G&H DIVERSIFIED MANUFACTURING LP, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 22-00130 |

## ORDER

Upon consideration of defendant's response to plaintiff's motion and upon due deliberation; it is hereby

**ORDERED** that plaintiff's Motion for Ruling on Rule 30(b)(6) Deposition Notices Directed at Federal Agencies is denied.

_____
JUDGE

Dated: _____
   New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: HON. TIMOTHY M. REIF, JUDGE

|  |  |
|---|---|
| G&H DIVERSIFIED MANUFACTURING LP, </br></br>　　　　　Plaintiff, </br></br> v. </br></br> UNITED STATES, </br></br>　　　　　Defendant. | Court No. 22-00130 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RULING ON RULE 30(B)(6) DEPOSITION NOTICES DIRECTED AT FEDERAL AGENCIES**

Pursuant to Rule 26 of the Rules of the United States Court of International Trade, defendant respectfully requests that the Court issue an order that plaintiff G&H Diversified Manufacturing LP's (G&H) deposition notice be limited to single Rule 30(b)(6) notice directed to defendant referencing U.S. Customs and Border Protection (CBP), the only agency against which G&H possesses a claim under 28 U.S.C. § 1581(a). Defendant, the Government, intends to file a motion seeking a protective order for discovery that is facially irrelevant and/or disproportionate to the issues in this case. Further, whether at summary judgment or before, we anticipate seeking dismissal of certain claims in the complaint that are jurisdictionally unsound.

Because the nature of this action is simply a classification dispute over the subject merchandise that is subject to *de novo* review by this Court, depositions directed to the Department of Commerce's Bureau of Industry and Security (BIS), against which G&H has no claims, are unrelated and disproportionate to the pertinent issue. Indeed, the issue before the Court is binary in nature: if the Court agrees with G&H's proposed classification, then the

exclusion applies. If the Court agrees with CBP's classification, then the exclusion does not apply. Accordingly, discovery should be focused on that issue not extraneous issues such as the history of BIS's procedure and process in issuing exclusions. And as discussed below, G&H cannot contend that CBP issued a classification determination as to the subject merchandise in connection with the exclusion process because the exclusion decision memorandum states that no such classification determination had occurred.

## DISCUSSION

The merchandise at issue was entered on May 2, 2020 under cover of Entry No. BDG-0053169-2 and as being classified under statistical subheading 7304.29.6115, Harmonized Tariff Schedule of the United States (HTSUS), duty-free, and subject to additional 25 percent *ad valorem* Section 232 duties under heading 9903.80.01. That same day, G&H sought an exclusion from the imposition of Section 232 duties for its steel tubes from Belarus. However, G&H did not request that CBP suspend liquidation of this entry pending a decision on the exclusion request. CSMS #42566154 (Extensions Requests, PSCs, and Protests (May 1, 2020)) available at https://content.govdelivery.com/accounts/USDHSCBP/bulletins/289820a.[1]

---

[1] CSMS #42566154 provides in relevant part:

> Given the potential retroactive application of Section 232 [. . .] product exclusions, in situations where the importer has requested a product exclusion and the request is pending with the DOC [. . .], the importer or their licensed representative may submit a request to extend the liquidation of impacted unliquidated entry summaries to CBP.
>
>        \*    \*    \*    \*    \*    \*
>
> Approved requests extend the liquidation of an entry summary for one year. When a product exclusion is granted, an importer may submit a PSC to request a refund on the entry summary(ies). If a product exclusion is not approved, no further action is taken, and the entry summary will liquidate as entered one year later than the originally scheduled liquidation date. If necessary, the importer or their filer may request subsequent liquidation extensions for a total of not more than three years as mandated by 19 CFR 159.12.

3

On December 4, 2020, BIS issued Decision Memo 85773 (ERID 85773) granting an exclusion to G&H for its Belarus pipe classifiable under G&H's proposed subheading 7304.29.6115, HTSUS.[2]  Attachment A.  G&H did not file a Post Summary Correction (PSC) after receiving ERID 85773 notwithstanding CBP's public guidance that "[w]hen a product exclusion is granted, an importer may submit a PSC to request a refund on unliquidated entries up to 15 days prior to the scheduled liquidation date (generally within 300 days from the date of entry summary filing)."  CSMS #42566154 (Extensions Requests, PSCs, and Protests (May 1, 2020)) available at https://content.govdelivery.com/accounts/USDHSCBP/bulletins/289820a. Entry No. BDG-0053169-2 was eligible for a PSC submission within the earlier of 300 days from the date of entry and 15 days before the scheduled liquidation date, which was February 26, 2021.

 Further, ERID 85773 informed G&H that:

> This approval of your exclusion request does not constitute a ruling under Title 19 Part 177, Code of Federal Regulations (19 CFR 177.1(d)(1)), or official confirmation of the correct provision under the Harmonized Tariff Schedule of the United States for your goods. To be certain of the correct tariff provision, you may request a ruling by either mailing your request to Director, National Commodity Specialist Division, Customs and Border Protection, 201 Varick Street, Suite 501, New York NY 10014, attn: Binding Ruling Request or you may submit your request electronically at https://erulings.cbp.gov/home.

Attachment A at page 2.

When ERID 85773 was issued, G&H still had time to request that liquidation be suspended and that CBP provide a ruling letter as to the proper classification of its steel tubes.  It chose not to avail itself of either.  Instead, G&H permitted the entry to liquidate as entered, thereby requiring it to file a protest to seek a refund of the Section 232 duties it had tendered at

---

[2] Subheading 7304.29.61, HTSUS is a duty-free provision.

entry. On April 19, 2021, within the 90-day window for CBP to reliquidate the subject entry, G&H filed its protest.[3]

By filing its protest, G&H eliminated any possibility of finality under 19 U.S.C. § 1514 for the March 26, 2021 liquidation.[4] Based on the plain statutory language, the final and conclusive effect of section 1514(a) will not apply to any person, **including the Government**, where a protest has been filed and an action commenced in this Court.

---

[3] CBP's determination that the subject merchandise is properly classified under subheading 7304.59.80, HTSUS, did not necessitate a reliquidation of the entry because, like subheading 7304.29.61, HTSUS, it is a duty-free provision.

[4] In pertinent part, section 1514(a) provides:

> Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested parties), section 1520 of this title (relating to refunds), and section 6501 of title 26 (but only with respect to taxes imposed under chapters 51 and 52 of such title), any clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to—
>
> (2) the classification and rate and amount of duties chargeable;
>
> shall be final and conclusive upon **all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced** in the United States Court of International Trade in accordance with chapter 169 of title 28 within the time prescribed by section 2636 of that title. When a judgment or order of the United States Court of International Trade has become final, the papers transmitted shall be returned, together with a copy of the judgment or order to the Customs Service, which shall take action accordingly.

(Emphasis added).

On April 22, 2022, G&H commenced this action by filing a summons. On November 21, 2023, G&H filed its original complaint, ECF No. 7, which was subsequently corrected by a complaint filed on November 29, 2023. ECF No. 9 (the Complaint or Compl.).

G&H's contention that CBP made decisions to classify the subject pipe under subheading 7304.29.61, HTSUS, is inaccurate. Compl. ¶ 27. As clearly stated in ERID 85773 (Attachment A), the exclusion process did not result in a classification determination by CBP. Indeed, under 19 C.F.R. § 177.1, a ruling "is a written statement issued by the Headquarters Office or the appropriate office of Customs as provided in this part that interprets and applies the provisions of the Customs and related laws to a specific set of facts."

Further, "[e]xcept as otherwise provided in subpart I of part 181 of this chapter [not applicable here], a ruling may be requested under this part by any person who, as an importer or exporter of merchandise, or otherwise, has a direct and demonstrable interest in the question or questions presented in the ruling request, or by the authorized agent of such person." Given the disavowal by BIS in the exclusion decision, no ruling letter was issued. Therefore, issuing *seriatim* Rule 30(b)(6) deposition notices to agencies, for which there are no valid claims, operates as a burden on the Government, is disproportionate to the needs of the case, and should be rejected by this Court.

## **CONCLUSION**

For the above reasons, we respectfully request that G&H's motion be denied.

                                    Respectfully submitted,

                                    BRETT A. SHUMATE
                                    Assistant Attorney General
                                    Civil Division

                                    PATRICIA M. McCARTHY
                                    Director

                                    JUSTIN R. MILLER
                                    Attorney-In-Charge
                                    International Trade Field Office

By:    /s/ Marcella Powell
          MARCELLA POWELL
          Senior Trial Counsel

          /s/ Beverly A. Farrell
          BEVERLY A. FARRELL
          Senior Trial Attorney
          Civil Division, Dept. of Justice
          Commercial Litigation Branch
          26 Federal Plaza, Room 346
          New York, New York l0278
          Tel. No: (212) 264-9230
          Attorneys for Defendant

Dated: January 23, 2026

# ATTACHMENT A

Decision_Memo-85773

## BIS Decision Document – Steel Section 232 Remedy Exclusion Request

**EXCLUSION REQUEST NUMBER: 85773**

**Summary:**

- Requester: G&H Diversified Manufacturing LP
- Product description: Seamless hot drawn low alloy tubing, quenched and tempered, intended for use in the manufacture of perforating gun bodies used in completion (in conjunction with hydraulic fracturing) of Oil and Gas wells, yield strength 827-1083 MPa, outside diameter 85.29 mm-86.59 mm, grain size of ASTM 8 or finer, hardness equal to or greater than 26 Rockwell-C, curvature less than or equal to 1.524 mm over any 914.4 mm length along the tube, with maximum drift of 64.897 mm diameter by 304.8 mm length.
- HTSUS: 7304296115
- Total Requested Annual Exclusion Quantity in Kilograms: 5100000
- Date Submitted: 5/2/2020

**Analysis:**

The Bureau of Industry and Security ("BIS") has received a request, referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and Clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS has considered the evidence provided, including in the exclusion request as well as any applicable objection filings and its report to the President of January 11, 2018, has solicited and taken into account analysis provided by the International Trade Administration (ITA), and assessed other interagency comments as applicable.

In examining whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, ITA recommends finding, based on the all of the evidence presented, that the product referenced in the above-captioned exclusion request is not produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, and recommends granting the request for an exclusion.

BIS accepts ITA's recommended findings as to the domestic availability of the product, and finds that no overriding national security concerns require that this exclusion request be denied notwithstanding the lack of sufficient domestic availability.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be granted for one year.

This approval of your exclusion request does not constitute a ruling under Title 19 Part 177, Code of Federal Regulations (19 CFR 177.1(d)(1)), or official confirmation of the correct provision under the Harmonized Tariff Schedule of the United States for your goods.  To be certain of the correct tariff provision, you may request a ruling by either mailing your request to Director, National Commodity Specialist Division, Customs and Border Protection, 201 Varick Street, Suite 501, New York NY 10014, attn: Binding Ruling Request or you may submit your request electronically at https://erulings.cbp.gov/home.

**DECISION ON EXCLUSION REQUEST #85773**

_____**X**_____ I approve granting this exclusion request. The granted exclusion number is 85773. This exclusion is granted for the merchandise described in the exclusion request and classified in the 10-digit provision of the Harmonized Tariff Schedule of the United States (HTSUS) claimed in the exclusion request. This exclusion is granted only in the quantities requested from each identified supplier and country of origin, as specified in the original exclusion request form. This exclusion is granted for one year from the date of signature below. The requester may consult CSMS #39-633923 for further instructions on using the exclusion number and receiving retroactive relief.

_____ I do not approve granting this exclusion request.

_____ I would like to discuss.

*Matthew S. Borman*  **December 4, 2020**
Deputy Assistant Secretary of Export Administration        Date