UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| G&H DIVERSIFIED MANUFACTURING LP, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 22-00130 |

**ORDER**

Upon consideration of defendant's motion for a protective order, and upon due deliberation; it is hereby

**ORDERED** that defendant's motion be and is hereby is granted; and it is further

**ORDERED** that defendant is protected from producing a witness in response to the deposition notice that plaintiff issued to the Department of Commerce, Bureau of Industry and Security.

_____
JUDGE

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| G&H DIVERSIFIED MANUFACTURING LP,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>      Defendant. | Court No. 22-00130 |

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY**

Pursuant to Rule 26(c) of the Rules of the United States Court of International Trade, defendant respectfully requests an order of protection regarding the notice of deposition that plaintiff, G & H Diversified Manufacturing LP (G & H), issued to the U.S. Department of Commerce, Bureau of Industry and Security (BIS) pursuant to Rule 30(b)(6). The reasons for defendant's motion are set forth below.

With respect to plaintiff's motion for leave to file a reply brief in support of its motion for a ruling on the USCIT Rule 30(b)(6) deposition notices, we defer to the sound discretion of the Court as to whether a reply brief should be permitted, although it is not contemplated by the Rules of the Court.

As we explain further below, G & H brought this case because it assumed that its imports of steel tubing would qualify for an exclusion of duties assessed under Section 232 of the Trade Expansion Act of 1962, as amended, 19 U.S.C. § 1862, ("Section 232 duties"). However, CBP determined that G & H did not correctly classify its goods at entry and, thus, the Exclusion did

2

not apply.  This outcome, however, is not a consequence of error by the Government.  Rather, it is the consequence of incorrect or imprecise information being provided by G & H to BIS as part of its exclusion application (specifically, providing a proposed tariff classification for the exclusion that does not cover the subject imports).  And relatedly (one step further back in the sequence of events), it is the consequence of G & H not confirming the correct tariff classification of its imports by obtaining an administrative ruling from CBP prior to making the exclusion request to BIS.  These errors by G & H cannot be fixed through this litigation.

The question presented by this action is the correct tariff classification of the subject imported steel tubing.  G & H entered its steel tubing under subheading 7304.29.6115[1], Harmonized Tariff Schedule of the United States (HTSUS), and the merchandise was liquidated under that provision duty-free, and subject to additional 25 percent *ad valorem* Section 232 duties under heading 9903.80.01, HTSUS.  The Exclusion covers goods classifiable in subheading 7304.29.6115, HTSUS.  The correct classification for G & H's steel tubing, however, is subheading 7304.59.8020, HTSUS.  If the merchandise is classifiable under subheading 7304.29.6115, HTSUS, the merchandise would qualify for the exclusion of Section 232 duties.  *See* Ex. B.  If the merchandise is not classifiable under subheading 7304.29.6115, HTSUS, the Exclusion would not apply.  *Id.*

Thus, the question presented is one of tariff classification, and not one of correctness of G & H's exclusion application or the drafting of that exclusion.  Consequently, G & H's notices of

---

[1] Subheading 7304.29.6115, HTSUS, provides for "Tubes, steel tubing and hollow profiles, seamless, of iron (other than cast iron) or steel: Casing, tubing and drill pipe, of a kind used in drilling for oil or gas: Other: Tubing: Of other alloy steel: having an outside diameter not exceeding 114.3 mm: Having a wall thickness not exceeding 9.5 mm."

deposition directed toward BIS will not produce any information relevant to the question presented, and the Government should be granted an order of protection regarding these notices.

## BACKGROUND

This case involves the proper tariff classification of steel tubing and the applicability of an exclusion from Section 232 duties. The merchandise at issue was entered on May 2, 2020 under cover of Entry No. BDG-0053169-2 and liquidated on March 26, 2021 in statistical subheading 7304.29.6115, HTSUS, duty-free, and subject to additional 25 percent *ad valorem* Section 232 duties under heading 9903.80.01, HTSUS.

On May 2, 2020, G&H submitted a request for an exclusion from Section 232 duties for the subject merchandise through BIS's Section 232 Exclusion Portal ("232 Portal"). Notably, parties submitting exclusion requests in BIS's 232 Portal must identify certain characteristics for the merchandise they wish to be covered by an exclusion. G & H identified "7304296115" as the HTSUS Code. *See* Ex. A. On December 4, 2020, after the entry of the goods at issue, BIS issued Decision Memo 85773 (ERID 85773) granting an exclusion to G & H for certain "[s]eamless hot drawn low alloy tubing" classifiable under subheading 7304.29.6115, HTSUS (Section 232 Exclusion or Exclusion). The Exclusion expressly advised G & H that it was not a ruling under Title 19 Part 177 or a confirmation of the correct HTSUS provision for its steel tubing. For certainty as to the correct classification, the Exclusion also advised G & H to request a ruling from CBP.[2] *See* Ex. B.

---

[2] The Section 232 Exclusion states:

> This approval of your exclusion request does not constitute a ruling under Title 19 Part 177, Code of Federal Regulations (19 CFR 177.1(d)(1)), or official confirmation of the correct provision under the Harmonized Tariff Schedule of the United States for your goods. To be certain of the correct tariff provision, you may request a ruling by either mailing your request to Director, National Commodity Specialist Division, Customs and Border Protection, 201 Varick

On April 19, 2021, G & H filed a protest requesting the application of the Section 232 Exclusion to a portion of the merchandise in Line 1 of Entry No. BDG-0053169-2.  CBP denied G & H's protest on November 22, 2021 on the ground that the subject steel tubing was incorrectly classified upon entry and therefore not covered by the claimed Section 232 Exclusion.[3]  *See* Docket No 6, Rule 73.1 Documents.  The correct classification for plaintiff's steel tubing is subheading 7304.59.80, HTSUS.[4]

On April 22, 2022, G & H commenced this action under 19 U.S.C. § 1581(a) by filing a Summons.  On November 21, 2023, G & H filed its original complaint, ECF No. 7, which was subsequently corrected by a complaint filed on November 29, 2023.  ECF No. 9 (the Complaint or Compl.).  The central dispute in this case is the proper tariff classification of plaintiff's imported steel tubing, which will determine whether the Section 232 Exclusion applies to those goods.  *See* Docket No. 9, Pl.'s Compl. ¶ 1 ("This action seeks review and reversal of the denial of a protest (Protest No. 530121107212) ('the Protest') submitted by Plaintiff based on CBP's failure to apply a valid steel product exclusion (Exclusion No. 85773, hereinafter referred to as 'the Exclusion') of certain steel tubes . . ."); ¶ 5 ("CBP is also wrong in its determination that the classification asserted in the Exclusion and the Entry was incorrect.").

---

Street, Suite 501, New York NY 10014, attn: Binding Ruling Request or you may submit your request electronically at https://erulings.cbp.gov/home.

[3] Subheading 7304.29.6115, HTSUS, provides for "Tubes, steel tubing and hollow profiles, seamless, of iron (other than cast iron) or steel: Casing, tubing and drill pipe, of a kind used in drilling for oil and gas: Other: Tubing: Of other alloy steel: Having an outside diameter not exceeding 114.3 mm: Having a wall thickness not exceeding 9.5 mm" duty free.

[4] Subheading 7304.59.80, HTSUS, provides for "Tubes, steel tubing and hollow profiles, seamless, of iron (other than cast iron) or steel: Other, of circular cross section, of other alloy steel: Other: Other: Other: Other" duty free.

5

The genesis for plaintiff's action is that it obtained the Exclusion for imported tubing that are classifiable in subheading 7304.29.6115, HTSUS, but it is not receiving the benefit of that exclusion because the goods at issue are not classifiable in that subheading. Plaintiff concedes that it never obtained a binding classification ruling from CBP pursuant to 19 C.F.R. § 177.9 for the subject tubing. Plaintiff's own misclassification of the imported tubing during the exclusion process cannot be cured in this litigation. Plaintiff cannot challenge, revisit, or reopen any portion of the exclusion administrative process in this *de novo* action brought under 28 U.SC. § 1581(a).[5]

The parties are currently engaged in fact discovery and have had many communications regarding plaintiff's repeated improper deposition notices. On December 15, 2025, pursuant to USCIT Rule 30(b)(6), G & H served two more deposition notices on the Government. *See* Exs. C and D. The first deposition notice seeks testimony from CBP. The second deposition notice contains two sections with one section seeking testimony from BIS and the other section seeking testimony from CBP. The BIS portion of the deposition notice seeks testimony on a wide range of general governmental operational topics. Specifically, G & H seeks to depose BIS regarding the following:

> 1. **Statutory and Regulatory Authority**
> BIS's authority and role under Section 232, including the relationship between BIS, the Secretary of Commerce, U.S. Customs and Border Protection and the President in administering steel tariffs and exclusions.
>
> 2. **Development of the Exclusion Process**
> The role of the determination of origin, purpose, and evolution of the exclusion process, including the criteria for approval or denial

---

[5] Indeed, plaintiff is attempting to improperly litigate this action under the Court's protest jurisdiction while simultaneously attempting to probe the Section 232 exclusion administration process, notwithstanding the lack of an administrative record and without being subject to the standard of review under the Administrative Procedure Act.

and any changes over time.

3. **Decision-Making Criteria**
All factors considered in evaluating steel exclusion requests, including availability of domestic supply, national security considerations, technical specifications, and economic factors.

4. **Internal Guidance and Training**
Policies, memoranda, standard operating procedures, training materials, and internal guidance used by BIS personnel in reviewing and deciding steel exclusion requests.

5. **Interagency Coordination**
Coordination between BIS and CBP, the Office of the Secretary of Commerce, the Office of the U.S. Trade Rep and any other relevant government department, agency or the Executive Office of the President.

As we show below, the lack of relevance of G & H's deposition topics to the question presented by this action—a simple classification dispute—impose an undue burden on the Government, are oppressive, and are disproportionate to the issues in this action. Therefore, a protective order is warranted.

## DISCUSSION

I. **G & H'S USCIT RULE 30(b)(6) DEPOSITION NOTICE IS EXCEEDINGLY OVERBROAD, OPPRESSIVE, IMPOSES AN UNDUE BURDEN ON THE GOVERNMENT, AND IS DISPROPORTIONATE TO THE ISSUES IN THIS CASE**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the discovery outweighs its likely benefit." USCIT R. 26(b)(1). The scope of discovery is not limitless, and the discovery rules mandate that "reasonable limits on discovery through increased reliance on the common-sense concept of

7

proportionality" designed to "provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016). Relevant evidence includes "any matter that bears on, or that reasonably could lead to other matter that could bear on" the claims or defenses of any party. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351-52 (1978).

Upon receiving a USCIT Rule 30(b)(6) deposition notice, the corporation or government must designate one or more persons to testify on its behalf. *See* USCIT Rule 30(b)(6). The deposition notice must "describe with reasonable particularity the matters for examination." *Id*. The corporation or government is then required to make a good faith effort to prepare the witness to answer deposition questions about the designated topics. However, "that task becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand." *Apple, Inc. v. Samsung Elec. Co.*, Ltd., 2012 WL 15110901, at *2 (N.D. Cal. Jan. 27, 2012). While a USCIT Rule 30(b)(6) deposition might require extensive preparation, "the court has a duty to protect a party from being needlessly burdened." *Nichols v. Credit Union*, 2018 WL 11404371, at *2 (D. Nev. Dec. 26, 2018). Rule 30(b)(6) depositions must target issues on which corporate or government testimony "is truly needed, rather than covering every conceivable facet of the litigation." *Reno v W. Cab. Co.*, 2020 WL 5902318, at *2 (D. Nev. Aug. 31, 2020).

Furthermore, a party from whom discovery is sought may move for a protective order. USCIT R. 26(c)(1). If "good cause" exists, "the court may . . . issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* The Court has a variety of options should it find a motion for protective order is warranted, including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* Courts will issue protective orders when parties are asked to respond to

overly broad, irrelevant, or unfocused Rule 30(b)(6) notices. *See, e.g.*, *McGowan v. United States*, 337 F.R.D. 495 (N.D. Ohio 2021). Moreover, the bare fact that deposition topics exceed the relevancy threshold of Rule 26(b)(1) does not mean that those topics are permissible. Courts have the discretion to limit relevant Rule 30(b)(6) topics based on practical limitations. *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, 2014 WL 5786492, at *3-4 (D. Mass. Sept. 24, 2014). As we show below, good cause exists for the Government's request for a protective order barring G & H's improper deposition notice directed to BIS.

        **A.**    **Topic No. 1 Is Overbroad, Not Particularized, Seeks Irrelevant Testimony, And Is Not Proportional To The Issues In This Action.**

Topic No. 1 seeks testimony regarding "BIS's authority and role under Section 232, including the relationship between BIS, the Secretary of Commerce, U.S. Customs and Border Protection and the President in administering steel tariffs and exclusions." This topic is not tethered to any claim or defense in this matter. The true nature of plaintiff's claim is the classification of its goods and the applicability of a Section 232 Exclusion to those goods based on that classification. Plaintiff does not assert any claims against BIS, does not challenge the proprietary of the administrative process for obtaining an exclusion, or BIS's decision to grant the subject Section 232 Exclusion. Indeed, BIS provided G & H with the very exclusion it sought. Thus, BIS's statutory authority under Section 232 and its interagency relationships with CBP and the President have no bearing on G & H's claim in this action.

Nor can plaintiff claim that any interaction or discussion between CBP and BIS with respect to the exclusion request constitutes a classification decision by CBP or a claim cognizable under 28 U.S.C. § 1581(a), the jurisdictional predicate asserted by plaintiff. *See* Ex. B ("This approval of your exclusion request does not constitute a ruling under Title 19 Part 177,

9

Code of Federal Regulations (19 CFR 177.1(d)(1)), or official confirmation of the correct provision under the Harmonized Tariff Schedule of the United States for your goods.").

Furthermore, Topic No. 1 does not contain matters that are "described with reasonable particularity" as required by USCIT Rule 30(b)(6).  It seeks to have BIS educate plaintiff on a broad swath of the Government's operations regarding Section 232 duties.  Because of the generalized nature of Topic No. 1, preparation for such testimony would require the review of statutes, regulations, and executive actions that are not related to the claims and defenses in this case.  G & H should not be permitted to impose such a significant unjustified burden and expense on the Government.

### B.  Topic No. 2 Is Extraordinarily Broad and Unduly Burdensome

Topic No. 2 seeks testimony on the "[r]ole of the determination of origin, purpose, and evolution of the exclusion process, including the criteria for approval or denial and any changes over time."  G & H did not describe this topic with reasonable particularity as the phrase "role of the determination of origin" is incomprehensible.  Moreover, Topic No. 2 is not relevant to any claims or defenses in this action.  BIS granted a Section 232 Exclusion to G & H, and G & H does not challenge the proprietary of the exclusion process, or any historical changes or updates to that process.  The "origin, purpose, and evolution of the exclusion process" has no bearing on the classification of plaintiff's goods or the application of the Section 232 Exclusion to those goods.  Because Topic No. 2 imposes an extraordinary burden on BIS, and seeks irrelevant historical testimony, this Court should grant a protective order barring testimony on Topic No. 2.

Furthermore, Topic No. 2 is burdensome and oppressive as it seeks testimony on the historical development of the Section 232 exclusion process from inception to present along with "any changes over time."  Preparation of a witness to testify for such a vast topic is virtually

10

impossible as it would require a significant amount of research into the origins of the exclusion process as well as consultation with other offices within the Government, resulting in undue burden and expense for the Government.

### C. Topic No. 3 Seeks Irrelevant Testimony About The Section 232 Exclusion Process and Is Overly Broad and Burdensome

Topic No. 3 seeks testimony on "[a]ll factors considered in evaluating steel exclusion requests, including availability of domestic supply, national security considerations, technical specifications, and economic factors." Topic 3 serves no legitimate purpose. BIS granted plaintiff a Section 232 exclusion. *See* Attachment A. There is no claim or defense in this case that implicates the factors that BIS considers in evaluating an exclusion request. The question presented by this action is the classification of G & H's goods. Accordingly, testimony regarding "all" of the factors that BIS considers when evaluating an exclusion request, *i.e.*, any Section 232 exclusion request even those other than plaintiff's, is oppressive and burdensome.

Additionally, the scope of this topic is extraordinarily broad. By seeking testimony on essentially "all factors" that BIS considers when evaluating a request for a Section 232 exclusion, the topic requires BIS to prepare a witness on every conceivable consideration that might be presented by an exclusion request, including such broad topics as domestic supply conditions, national security policy, technical specifications, and economic impacts. Preparation is virtually impossible and would impose an incredible undue burden on the Government. A protective order barring Topic 3 is warranted.

### D. Topic No. 4 Seeks Irrelevant Internal Agency Materials Regarding The Section 232 Exclusion Process and is Overly Broad and Burdensome

Topic No. 4 seeks testimony on "[p]olicies, memoranda, standard operating procedures, training materials, and internal guidance used by BIS personnel in reviewing and deciding steel

11

exclusion requests." Topic 4 serves no legitimate purpose because G & H is not challenging BIS's decision to issue the Section 232 exclusion or the exclusion process. BIS's internal policies and training materials for reviewing exclusion requests have no bearing on the claims and defenses in this action. Because Topic No. 4 seeks broad testimony concerning BIS materials that have no bearing on these issues, it is unnecessary and disproportionate to the needs of this case. Therefore, the Court should issue a protective order barring testimony on this topic.

Like Topic No. 3, this topic is also overly broad, unduly burdensome, and not proportional to the issues in the case because it seeks testimony on BIS's internal guidance for evaluation of exclusion requests. Preparing a witness to testify about policies, guidance, and training materials would require an extensive review of agency documents imposing an undue burden on the Government without any purpose given that the materials BIS uses does not relate to the true claims here: the proper classification of G& H's steel tubing and whether the Section 232 Exclusion applies to it, a *de novo* issue for this Court.

### E. Topic No. 5 Is Improper Because It Lacks Reasonable Particularity, Is Overbroad, Open-Ended And Not Proportional To The Claims In This Action

Topic No. 5 seeks testimony on the "[c]oordination between BIS and CBP, the Office of the Secretary of Commerce, the Office of the U.S. Trade Rep and any other relevant government department, agency or the Executive Office of the President." This topic is facially defective because it fails to identify the subject matter of the "coordination" or what plaintiff means by "any other relevant government department [or] agency." This deposition topic is not described with "reasonable particularity" as required by Rule 30(b)(6).

Moreover, even if plaintiff could revise Topic 5 to provide the requisite particularity, the interactions, if any, of BIS, CBP, Commerce, the U.S. Trade Representative, or the Executive Office of the President have no bearing on the true claims in this case: the proper classification

of G& H's steel tubing and whether the Section 232 Exclusion applies, a *de novo* issue for this Court.

None of the foregoing topics is designed to elicit the information necessary to discern the proper classification of G & H's steel tubing and whether the 232 Exclusion applies to it. As such, they can only be seen as irrelevant; burdensome; and contrary to Rule 26(b)(1)'s requirement that discovery, including depositions, be relevant to a claim or defense and proportional to the needs of the case. The true nature of this case reveals that its needs are the information necessary for this Court to discern whether G & H's steel tubing is properly classified under subheading 7304.29.6115, HTSUS or subheading 7304.59.80, HTSUS. Once that determination is made, whether the 232 Exclusion applies to the subject steel tubing is binary: yes, if subheading 7304.29.6115, HTSUS is the proper classification and no, if subheading 7304.59.80, HTSUS, is the proper classification.

We further note that all the information concerning the composition, manufacturing, sale, marketing, and use of G & K's steel tubing, *i.e.*, the type of information relevant to evaluating the proper classification of a good, is within the knowledge, custody, and control of the plaintiff. Thus, in view of Rule 26(b)(1)'s recognition of "the parties' relative access to relevant information" and "the importance of discovery in resolving the issues," the irrelevance, disproportionality, and burden sought to be imposed on the Government by G & H through its Rule 30(b)(6) depositions establishes that its burden outweighs its likely benefit.

**CONCLUSION**

For these reasons, we respectfully request that our motion for a protective order be granted.

                                        Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General
                                        Civil Division

                                        PATRICIA M. McCARTHY
                                        Director
                                        Commercial Litigation Branch

                                        JUSTIN R. MILLER
                                        Attorney-In-Charge
                                        International Trade Field Office

By:    /s/ Marcella Powell
          MARCELLA POWELL
          Senior Trial Counsel

          /s/ Beverly A. Farrell
          BEVERLY A. FARRELL
          Senior Trial Attorney
          Civil Division, Dept. of Justice
          Commercial Litigation Branch
          26 Federal Plaza, Room 346
          New York, New York l0278
          Tel. No: (212) 264-9230
          Attorneys for Defendant

Dated: February 24, 2026