UNITED STATES COURT OF INTERNATIONAL TRADE
The Honorable Timothy M. Reif, Judge

| | |
|---|---|
| **G&H DIVERSIFIED MANUFACTURING LP,** )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>**UNITED STATES,** )<br>)<br>*Defendant.* )<br>) | Court No. 22-00130 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A LEGAL RULING ON THE PROPRIETY OF SEEKING RULE 30(b)(6) TESTIMONY FROM TWO RELEVANT AGENCIES**

Plaintiff seeks a legal ruling that it may pursue Rule 30(b)(6) testimony from two federal agencies, the Bureau of Industry and Security ("BIS") and U.S. Customs and Border Protection ("CBP"). Each is a "governmental agency" within the meaning of CIT Rule 30(b)(6), and may be deposed by oral examination. Moreover each agency possesses unique and non-duplicative information concerning the implementation of Section 232 steel exclusions, specifically with regard to interagency coordination regarding the tariff classification of the article covered by an exclusion request and the legal consequences of any such coordination. The deposition notices seek information that is directly relevant to claims in the Complaint in this case (*see, e.g.,* Amended Complaint (ECF 9), Paragraphs 60-69).

In its opinion of December 19, 2024, this Court "conclude[ed] that there is a genuine dispute of material fact with respect to Custom's role in the exclusion approval process." Slip op. 24-145 at 10 (ECF 26), 747 F. Supp. 3d 1358, 1364 (Ct. Int'l Trade 2024). Defendant's response ignores central support for the discovery Plaintiff seeks from BIS and CBP.

2

The Complaint alleges that the classification of Plaintiff's product was settled by the agencies with respect to the specific exclusion request at the outset of the process. Subsequent actions, including CBP's classification in November 2021, departed from that interagency understanding. By taking discovery of two agencies directly concerned, Plaintiff seeks to obtain evidence through discovery relevant to its claims.

In its response, Defendant ignores these claims entirely, asserting that the case is simply a classification dispute. It also asserts, without providing citation or support, that the United States must be treated as a single "organization" for Rule 30(b)(6) purposes despite the clear language of that Rule, because the suit was brought against the United States. Defendant is clearly attempting to deny Plaintiff access to facts that would support its claims.

## I. The Government Ignores Plaintiff's Pleaded Claim That Classification Was Settled for Purposes of the Exclusion

In its response, Defendant ignores the Complaint's allegations that the tariff classification for purposes of implementing the exclusion was settled early in the exclusion process. Thus, this case plainly does not only allege a mere tariff-classification dispute. It alleges that BIS, in administering the Section 232 exclusion at issue, determined, in consultation with CBP, that the product covered by the exclusion was "administrable," which means, *inter alia*, that the correct tariff classification was asserted in the exclusion request. *See* 84 Fed. Reg. 26751, 26755 (June 10, 2019). Plaintiff claims that the posting of the exclusion request necessarily rested on a shared understanding between BIS and CBP of how the product would be classified for purposes of implanting the exclusion. Long after the exclusion was approved, CBP acted contrary to that shared understanding, essentially voiding BIS's work.

The information sought in discovery from BIS and CBP is critical to exploring the nature and significance of the shared understanding between those two agencies. The nature of the

understanding, the procedures of the two agencies to determine the tariff classification, and their activities concerning that in this exclusion are relevant to the claims in the Complaint.

None of those questions can be answered solely by asking CBP about its internal classification analysis, or solely by asking BIS about its exclusion process. They concern inter-agency coordination and shared decisions, which was unique to the exclusion process. While normal classification determinations are normally CBP's to make, in the exclusion context the policies and procedures are different. The unique character of the issues in this case is precisely why separate Rule 30(b)(6) testimony from each agency is warranted. The information Plaintiff seeks is clearly relevant to its claims.

## II.     BIS and CBP Possess Distinct and Non-Duplicative Knowledge

The information sought is also "proportional to the needs of the case" (CIT Rule 26(b)(1)), considering the importance of the issues and the fact that access to the information needed is solely within the two agencies' control. BIS administers the Section 232 exclusion process and decides whether particular products qualify for exclusion from duties. CBP collects duties at the border and makes decisions about tariff classification and other matters, but the exclusion process created a shared responsibility for the two agencies to coordinate on tariff classification.

### III.     Rule 30(b)(6) Does Not Require Plaintiff to Accept a Single, Consolidated Agency Witness Where More than a Single Agency Possesses Necessary Information

USCIT Rule 30(b)(6) requires an "organization" to designate a witness to testify about information "known or reasonably available" to that organization. It does not require each agency to be a party to the litigation. In many cases contesting Rule 30(b)(6) notices, the concern is about the nature of the information sought. *See, e.g., SEC v. Morelli*, 143 F.R.D. 42 (S.D.N.Y. 1992) (treating deposition notice as a request to examine trial counsel). Many cases review actions under statutes requiring consultation between federal agencies. *See, e.g., Karuk Tribe of Cal. v. United States Forest Serv.*, 681 F.3d 1006 (9th Cir. 2012) (interagency consultation required by statute). In this case, the consultation requirement was authorized by presidential action (Proc. 9705 and subsequent Proclamations) and regulations published by BIS pursuant to those Proclamations (*see* 15 CFR Part 705, Supplement No. 2 (2020)).

There is nothing in any of those cases suggesting that a litigant must "collapse" multiple federal agencies with separate mandates into one Rule 30(b)(6) deposition featuring a single witness, where such a collapse could obscure what each agency did and did not know and what each did.

Because the claims here turn on the coordination between agencies of shared responsibility, separate depositions are the only practical way to determine whether agencies consulted, which decisions each agency made and concurred with, the nature and sequence of interactions between agencies, and whether later actions departed from earlier understandings. Acceding to Defendant's wishes here would mean never finding out what actually happened to frustrate Plaintiff's reasonable reliance on the tariff classification.

### III.     The Discovery Sought Is Proportional and Targeted

Plaintiff seeks particularized discovery that focuses on BIS and CBP operations directly related to the claims in this case (the operation of the exclusion process). It seeks narrowly focused testimony concerning the implementation of a particular steel exclusion and procedures developed to coordinate the roles of BIS and CBP in the exclusion process for this Entry and subsequent Entries relying on similar Exclusions, and communications between BIS and CBP, if any, regarding Plaintiff's product and tariff classification issues more broadly, the basis for CBP's departure from a settled understanding regarding classification.

This information goes to the heart of Plaintiff's claims. Because BIS and CBP uniquely possess their own internal communications, and may have separate institutional records relating to agency coordination on this issue, discovery must be permitted of both BIS and CBP. Plaintiff has no alternative means of obtaining it. And since this Court has ruled that more evidence is needed to decide this point, Defendant must accommodate Plaintiffs needs to gather such evidence. Defendant has offered no concrete showing of burden that would outweigh the likely benefit of this targeted discovery. Therefore, this discovery is plainly within the ambit of Rule 26(b).

### IV.     A Legal Ruling Now Will Significantly Facilitate Discovery

The ruling sought from this Court will not decide the merits of the classification issue, nor will it resolve any legal or factual issues. It will confirm that Plaintiff may pursue Rule 30(b)(6) testimony from each agency whose conduct was placed in issue by the Complaint. That guidance will avoid piecemeal objections and motion practice and permit discovery to proceed in an orderly fashion, permitting discovery to occur with maximum efficiency.

## CONCLUSION

The allegations in the Complaint establish Plaintiff's central theory that, in implementing a steel exclusion, tariff classification of the product covered by the exclusion was resolved early in the exclusion process, in accordance with applicable regulations authorized by presidential action. The case therefore turns on the required coordination between BIS and CBP, and whether that coordination during the exclusion process occurred and was relied upon. This case does not only involve a classification dispute.

Because Plaintiff's claims are premised on a settled classification for the narrow purpose of implementing a specific steel exclusion and on subsequent inconsistent agency action, Plaintiff is entitled to seek Rule 30(b)(6) testimony from both BIS and CBP. Plaintiff submits that this Court should so rule.

                                            Respectfully submitted,

/s/ Lewis Leibowitz
Lewis Leibowitz
*The Law Office of Lewis E. Leibowitz*
5335 Wisconsin Avenue, N.W.
Suite 440
Tel.: (202) 617-2675
Email: lewis.leibowitz@lellawoffice.com

February 2, 2026                      *Attorney for Plaintiff*