Slip Op. 26-35

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **G&H DIVERSIFIED MANUFACTURING LP,** | |
| Plaintiff, | |
| v. | **Before: Timothy M. Reif, Judge** |
| **UNITED STATES,** | **Court No. 22-00130** |
| Defendant. | |

## OPINION AND ORDER

[Granting plaintiff's motion for ruling and granting in part defendant's motion for a protective order.]

Dated: April 15, 2026

Lewis E. Leibowitz, The Law Office of Lewis E. Leibowitz, of Washington, D.C., for plaintiff G&H Diversified Manufacturing LP.

Marcella Powell, Senior Trial Counsel, and Beverly A. Farrell, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for defendant United States.  Also on the briefs were Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, and Justin R. Miller, Attorney-in-Charge, International Trade Field Office.

\*      \*      \*

Reif, Judge:  Before the court is the motion by plaintiff G&H Diversified Manufacturing LP under Rule 30(b)(6) of the U.S. Court of International Trade ("USCIT") for a ruling on deposition notices directed at federal agencies.  Pl.'s Mot. for Ruling on Rule 30(b)(6) Dep. Notices Directed at Fed. Agencies ("Pl. DN Br."), ECF No. 42.  Plaintiff "requests a formal ruling . . . that deposition notices naming two specific

government agencies with relevant information are permitted under this Court's rules."
*Id.* at 2.

In response, defendant United States argues that "issuing *seriatim* Rule 30(b)(6) deposition notices to agencies, for which there are no valid claims, operates as a burden on the Government, is disproportionate to the needs of the case, and should be rejected by this Court." Def.'s Opp'n to Pl.'s Mot. for Ruling on Rule 30(b)(6) Dep. Notices Directed at Fed. Agencies ("Def. DN Opp. Br.") at 6, ECF No. 46.

Also before the court is defendant's motion for a protective order prohibiting discovery. Def.'s Mot. for a Protective Order and Resp. to Pl.'s Mot. for Leave to File a Reply ("Def. PO Br."), ECF No. 49.

For the reasons discussed below, the court grants plaintiff's motion for ruling and grants in part defendant's motion for a protective order.

## BACKGROUND

The court presumes familiarity with the facts as set out in *G&H Diversified Manufacturing LP v. United States*, 48 CIT __, __, 747 F. Supp. 3d 1358, 1361-62 (2024), and recounts only those facts relevant to the issues here.

On December 19, 2024, the Court denied plaintiff's motion for judgment on the pleadings with respect to all counts in the amended complaint. *See id.*; *see also* Compl., ECF No. 9. The instant matter then moved into discovery. *See* Am. Scheduling Order, ECF No. 28.

Following the Court's issuance of a revised scheduling order, *see* Order, ECF No. 41, plaintiff noticed two depositions under Rule 30(b)(6) naming the Bureau of

Industry and Security ("BIS") of the U.S. Department of Commerce ("Commerce") and

U.S. Customs and Border Protection ("Customs"), respectively.  Pl. DN Br. at 1.

Defendant "objected to the deposition notices" and "asserted via email that it

would respond to one and only one Rule 30(b)(6) notice."  *Id.*  Defendant specified that

the notice "must name only the United States as the party to be deposed, rather than

two government agencies whose knowledge and procedures are central to the

litigation."  *Id.*

On December 19, 2025, plaintiff filed the instant motion for ruling.  *See id.*  On

February 24, 2026, defendant filed the instant motion for protective order.  Def. PO Br.

## JURISDICTION AND LEGAL FRAMEWORK

The Court exercises exclusive jurisdiction over all civil actions commenced under

section 515 of the Tariff Act of 1930, 19 U.S.C. § 1515, to contest protests denied by

Customs, 28 U.S.C. § 1581(a),[1] and reviews such actions de novo.  *See* 28 U.S.C. §

2640(a)(1) ("The Court of International Trade shall make its determinations upon the

basis of the record made before the court . . . .").

In general, "[q]uestions of the scope and conduct of discovery are, of course,

committed to the discretion of the trial court."  *Florsheim Shoe Co. v. United States*, 744

F.2d 787, 797 (Fed. Cir. 1984); *see also United States v. Greenlight Organic, Inc.*, 45

CIT __, __, 503 F. Supp. 3d 1269, 1272 (2021).

Under USCIT Rule 26(b)(1),

> Parties may obtain discovery regarding any nonprivileged matter that is
> relevant to any party's claim or defense and proportional to the needs of the

---

[1] References to the U.S. Code are to the 2018 edition.  Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code.

case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the discovery outweighs its likely benefit.

The Supreme Court has observed that "[t]he key phrase in this definition — 'relevant to the subject matter involved in the pending action' — has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."[2] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 503 (1947)).

That said, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Id.* (quoting *Hickman*, 329 U.S. at 507); *Bonner v. Triple-S Mgmt. Corp.*, 68 F.4th 677, 684 (1st Cir. 2023). A "party or any person from whom discovery is sought may move for a protective order" prohibiting or limiting discovery. USCIT Rule 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Id.*

And pursuant to Rule 30(b)(6) ("Notice or Subpoena Directed to an Organization"),

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who

---

[2] "Since the Rules of the Court of International Trade mirror the Federal Rules of Civil Procedure, it is without question that this court may look to the decisions and commentary on the Federal Rules in the interpretation of its own rules." *Tomoegawa (U.S.A.), Inc. v. United States*, 15 CIT 182, 185-186, 763 F. Supp. 614, 617 (1991).

consent to testify on its behalf; and it may set out the matters on which each person designated will testify.  Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination.  A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify.  The persons designated must testify about information known or reasonably available to the organization.

## DISCUSSION

### I.    Plaintiff's motion for ruling

The court concludes that plaintiff is permitted to issue two distinct deposition notices that name BIS and Customs, respectively.

The Supreme Court has stated that the "Government as a litigant is, of course, subject to the rules of discovery." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958); *see also CFPB v. Brown*, 69 F.4th 1321, 1324 n.1 (11th Cir. 2023) (noting that Federal Rule of Civil Procedure 30(b)(6) "is the principal mechanism for deposing entities, including government agencies").

As mentioned above, USCIT Rule 30(b)(6) provides that "a party may name as the deponent a . . . governmental agency."  The rule does not limit the number of governmental agency deponents, nor does the rule require that a governmental agency deponent be a named party in the action.  *See id.*

Here, plaintiff noticed depositions under Rule 30(b)(6) naming BIS and Customs. Pl. DN Br. at 1.  Defendant objects to the notices and asserts that plaintiff is required to issue instead a single notice that names "only the United States as the party to be deposed, rather than two government agencies."  *Id.*  Defendant specifies that the notice should be "directed to defendant [United States] *referencing* [Customs], the only agency against which G&H possesses a claim."  Def. DN Opp. Br. at 2 (emphasis

supplied).  But such a requirement would go beyond the plain language of Rule 30(b)(6).

The rule states only the guidelines for a deposition notice or subpoena and thereby operates as a procedural threshold for discovery.  *See* USCIT Rule 30(b)(6). Defendant's argument that BIS should be excluded because this action is a challenge to a Customs classification is premature and beside the point.

This Court concluded previously that it was unable to determine whether BIS' approval of plaintiff's exclusion request involved consultation or collaboration with Customs because "[s]uch questions are factual in nature" and thereby require the development of a record for their proper disposition.  *G&H*, 48 CIT at __, 747 F. Supp. 3d at 1365; *see* 28 U.S.C. § 2640(a)(1).  Discovery is the proper vehicle for that development.

And, if defendant objects to the scope of discovery requested, defendant "may move for a protective order . . . forbidding inquiry into certain matters, . . . limiting the scope of disclosure or discovery to certain matters" or prohibiting discovery altogether. USCIT Rule 26(c)(1); *see also Intercont. Fibres, Inc. v. United States*, 352 F. Supp. 952, 957, C.R.D. 72-27 (Cust. Ct. 1972) (clarifying that protective orders are available where the party's "objections to the discovery sought are other than technical").  Indeed, defendant has done just that.  *See infra* Section II.

USCIT Rule 1 provides that the procedural rules of this Court "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."  Moreover, "[w]hen a procedural question arises that is not covered by these rules, the court may prescribe the

procedure to be followed in any manner not inconsistent with these rules." *Id.* USCIT

Rule 26(c)(1), the Court's rule with respect to protective orders, occupies the field such

that the court need not "prescribe the procedure to be followed" here, and especially not

in a manner that would narrow the scope of Rule 30(b)(6) improperly. *Id.* Nor does

defendant offer pertinent legal authority in support of its request that the court limit

plaintiff's deposition notices beyond the letter of Rule 30(b)(6). *See* Def. DN Opp. Br.

Recognizing the longstanding right of a party "to obtain discovery in preparation

for trial," *Intercont. Fibres*, 352 F. Supp. at 957, the court declines to cabin the scope of

Rule 30(b)(6) when other, more appropriate avenues are available for the relief that

defendant seeks. *See id.* ("While [the right to obtain discovery] is not an absolute right,

it must be given significant weight in view of the prevailing philosophy of modern federal

procedure and the unquestioned value of discovery in promoting a well informed

adjudication on the merits.").

Accordingly, the court concludes that plaintiff is permitted to issue deposition

notices to both BIS and Customs as "governmental agenc[ies]" under Rule 30(b)(6) that

must designate one or more witnesses to testify on their behalf. USCIT Rule 30(b)(6).

## II.     Defendant's motion for protective order

On December 15, 2025, plaintiff noticed depositions on Customs and BIS

pursuant to Rule 30(b)(6). *See* Def. PO Br., Ex. C. Plaintiff seeks to depose BIS with

respect to five topics. *See id.*

Defendant argues that "the lack of relevance of G&H's deposition topics to the

question presented by this action—a simple classification dispute—impose an undue

burden on the Government, are oppressive, and are disproportionate to the issues in this action." *Id.* at 7.

The court will address each topic in turn.

### A.    Topic 1: Statutory and Regulatory Authority

The court concludes that Topic 1 is overbroad.

Topic 1, titled "Statutory and Regulatory Authority," concerns:

> BIS's authority and role under Section 232, including the relationship between BIS, the Secretary of Commerce, U.S. Customs and Border Protection and the President in administering steel tariffs and exclusions.

Def. PO Br., Ex. C at 2.

Defendant argues that Topic 1 "is not tethered to any claim or defense in this matter" because the "true nature of plaintiff's claim is the classification of its goods and the applicability of a Section 232 Exclusion to those goods based on that classification." Def. PO Br. at 9.

If, as plaintiff maintains, this case concerns "BIS regulations and accompanying statements in the Federal Register indicating that [Customs] participated in reviewing exclusion requests for validation of the tariff classification" at issue and "prior to posting the exclusion request for public comment," Pl.'s Resp. to Def.'s Mot. for Protective Order Prohibiting Discovery ("Pl. PO Opp. Br.") at 3, ECF No. 52, then it does not follow that plaintiff would require the volume of information contemplated in Topic 1. Plaintiff has not established that its inquiry into alleged coordination between BIS and Customs requires a broad inquiry of the role of "the Secretary of Commerce" and "the President" in the Section 232 exclusion process that is "reasonably calculated to lead to the discovery of admissible evidence." Def. PO Br., Ex. C at 2; *see Greenlight Organic*, 45

CIT at __, 503 F. Supp. 3d at 1272.  Given that plaintiff is not challenging BIS' exclusion determination, but only Customs' application of that determination, the scope of Topic 1 as written is not "proportional to the needs of the case."  USCIT Rule 26(b)(1).

Further, it is not clear that BIS would have any information on the statutory and regulatory authority of BIS that would not be available in the United States Code or the Federal Register.  *See* 19 U.S.C. § 1862; Proclamation No. 9705*, Adjusting Imports of Steel into the United States*, 83 Fed. Reg. 11,625 (Mar. 8, 2018).  Requiring deposition testimony on such general, publicly available facts would ignore the attention of Rule 26(b)(1) to "parties' relative access to relevant information."  USCIT Rule 26(b)(1).

For these reasons, the court limits the scope of disclosure or discovery under Topic 1 to:

> The specific relationship between Customs and BIS in administering Section 232 steel tariffs and exclusions.  Topic 1 shall include any documents, communications or notes thereof between BIS and Customs in administering the exclusion at issue in the instant case.

*See id.* 26(c)(1)(D).

## B.    Topic 2: Development of the Exclusion Process

The court concludes that Topic 2 is irrelevant, overbroad and unduly burdensome.

Topic 2, titled "Development of the Exclusion Process," concerns:

> The role of the determination of origin, purpose, and evolution of the exclusion process, including the criteria for approval or denial and any changes over time.

Def. PO Br., Ex. C at 2.

Putting aside the inscrutability of the phrase, "role of the determination of origin . . . of the exclusion process," *id.*, the court reads Topic 2 as concerning the origin, purpose and evolution of the Section 232 exclusion process.

As with Topic 1, it does not appear as though a generalized, unbounded history of the exclusion process, going back to the Trade Expansion Act of 1962 presumably, would be relevant to plaintiff's classification claim and "proportional to the needs of the case, considering the importance of the issues at stake in the action." USCIT Rule 26(b)(1); *see supra* Section II.A.

USCIT Rule 26(b)(1) provides that the scope of discovery should be informed by the question of "whether the burden or expense of the discovery outweighs its likely benefit." In asking defendant to prepare a comprehensive legislative and regulatory history of an administrative process that it does not challenge, *see* Am. Compl., ECF No. 9, plaintiff runs afoul of this standard. In other words, the court is unable to conclude that Topic 2 is "relevant to [plaintiff's] claim" as pleaded. USCIT Rule 26(b)(1).

Moreover, the breadth of plaintiff's request runs afoul of the requirement of Rule 30(b)(6) that the deposition notice "must describe with reasonable particularity the matters for examination." USCIT Rule 30(b)(6).

For these reasons, the court limits the scope of disclosure or discovery under Topic 2 to:

> The criteria for the approval or denial of the Section 232 exclusion request at issue in this case.

*See id.* 26(c)(1)(D).

### C.      Topic 3: Decision-making Criteria

The court concludes that Topic 3 is overbroad and unduly burdensome.

Topic 3, titled "Decision-Making Criteria," concerns:

> All factors considered in evaluating steel exclusion requests, including availability of domestic supply, national security considerations, technical specifications, and economic factors.

Def. PO Br., Ex. C at 2.

As with Topic 2, plaintiff seeks substantial and seemingly unlimited information with respect to an administrative process that is not challenged in this action. *See supra* Section II.B. The instant action concerns whether *Customs* made a preliminary classification determination before the BIS exclusion determination that may have served as a prerequisite to the classification determination at issue in this case. *See* Am. Compl.; *see also G&H*, 48 CIT at __, 747 F. Supp. 3d at 1363. As a result, a relevant inquiry would concern the participation of Customs, assuming there is any, in the evaluation of exclusion requests. As written, Topic 3 contemplates a significant detour from these core questions.

For these reasons, the court limits the scope of disclosure or discovery under Topic 3 to:

> The role of Customs in evaluating Section 232 steel exclusion requests, including the exclusion request at issue in this case. If there is not such a role for Customs, then BIS is directed to provide information in support of that finding.

*See* USCIT Rule 26(c)(1)(D).

### D.    Topic 4: Internal Guidance and Training

The court concludes that Topic 4 is overbroad and mostly irrelevant to plaintiff's claims.

Topic 4, "Internal Guidance and Training," concerns:

> Policies, memoranda, standard operating procedures, training materials, and internal guidance used by BIS personnel in reviewing and deciding steel exclusion requests.

Def. PO Br., Ex. C at 2.

Like Topic 3, Topic 4 presents a significant departure from the core issues in this action. *See supra* Section II.C. A general request for the internal guidance and training materials of BIS is not sufficiently tailored to the classification determination of Customs at issue here. Again, plaintiff does not challenge the legality of the Section 232 exclusion process, so sweeping discovery requests as to that process are suspect. *See* Am. Compl.

For these reasons, the court limits the scope of disclosure or discovery under Topic 4 to:

> Policies, memoranda, standard operating procedures, training materials, and internal guidance used by BIS personnel in reviewing and deciding steel exclusion requests *that discuss the role of Customs in reviewing and or deciding steel exclusion requests.* If no such role exists for Customs, then BIS is directed to provide information in support of that finding.

*See* USCIT Rule 26(c)(1)(D).

### E.    Topic 5: Interagency Coordination

The court concludes that Topic 5 is overbroad and duplicative of Topic 1.

Topic 5, "Interagency Coordination," concerns:

Coordination between BIS and CBP, the Office of the Secretary of Commerce, the Office of the U.S. Trade Rep [sic] and any other relevant government department, agency or the Executive Office of the President.

Def. PO Br., Ex. C at 2.

With Topic 5, plaintiff seeks effectively the same information as Topic 1 but adds the substantial catch-all: "the Office of the U.S. Trade Rep [sic] and any other relevant government department, agency or the Executive Office of the President." *See id.* Topic 5 is overbroad for the same reasons, and substantial overlap with the now-limited Topic 1 renders Topic 5 moot. *See supra* Section II.A.

The court grants defendant's motion for a protective order as to Topic 5.

## CONCLUSION

For the reasons provided above, it is hereby

**ORDERED** that plaintiff's motion for ruling is **GRANTED**; and it is further

**ORDERED** that defendant's motion for a protective order is **GRANTED IN PART**; and it is further

**ORDERED** that parties shall file with the court a new joint proposed scheduling order within 14 days following the date of this Opinion and Order.

**SO ORDERED.**

/s/ Timothy M. Reif
Timothy M. Reif, Judge

Dated: April 15, 2026
        New York, New York